[This opinion has been published in *Ohio Official Reports* at 90 Ohio St.3d 136.]

CINCINNATI BAR ASSOCIATION *v*. BAILEY.

[Cite as *Cincinnati Bar Assn. v. Bailey*, 2000-Ohio-4.]

*Unauthorized practice of law—Formal complaint need not be filed by a local bar association for Board of Commissioners on the Unauthorized Practice of Law to issue a subpoena duces tecum in furtherance of its duty to protect the public from the unauthorized practice of law—Respondent found in contempt of Supreme Court of Ohio, when.*

(No. 99-157—Submitted September 15, 1999—Decided September 20, 2000.)

ON MOTION to Hold In Contempt for Failure to Comply with Subpoena *Duces Tecum.*

———————————

{¶ 1} Based on a complaint that it received in 1997, relator, Cincinnati Bar Association, commenced an investigation to determine whether respondent, Donald L. Bailey, doing business as License Resque, was engaging in the unauthorized practice of law. Pursuant to a request by relator, the Board of Commissioners on the Unauthorized Practice of Law (the "board"), issued a subpoena *duces tecum* to respondent on October 6, 1998, requesting that he deliver to the relator copies of all documents that he provided to his clients and all training manuals and telephone scripts used by the License Resque staff. On October 20, 1998, respondent filed a motion to quash the subpoena in this court and on October 22, a motion to stay enforcement of the subpoena.

{¶ 2} Despite our denial on November 12, 1998, of both respondent's motion to quash and his motion to stay, respondent did not comply with the subpoena.

{¶ 3} On January 22, 1999, relator filed a motion that the respondent show cause why he should not be held in contempt. Respondent's motion to strike filed on March 1, 1999, was denied on April 28, 1999. On May 7, 1999, respondent filed a response to the motion to show cause.

———————————

*Vorys, Sater, Seymour & Pease, L.L.P.,* and *Rosemary D. Welsh,* for relator.

*Donald L. Bailey, pro se.*

———————————

***Per Curiam.***

{¶ 4} In his memorandum responding to relator's motion to show cause why he should not be held in contempt, respondent argues that no formal complaint has ever been filed against him with the board, that he is unable to produce some documents requested in the subpoena because they do not exist, that he has not held

himself out as an attorney at law, and that activities in which he engages do not constitute the practice of law.

{¶ 5} However, we conclude that a formal complaint need not be filed for the board to issue a subpoena in furtherance of its duty to protect the public from the unauthorized practice of law.

{¶ 6} Pursuant to this court's constitutional power to regulate all matters relating to the practice of law under Section 2(B)(1)(g), Article IV of the Constitution of Ohio, we delegated broad powers to the board to appoint local bar associations to investigate entities alleged to have been engaged in the unauthorized practice of law. Gov.Bar R. VII(4) states that a bar association's unauthorized practice committee "shall investigate any matter * * * that comes to its attention *and* may file a complaint pursuant to this rule." (Emphasis added.) This rule indicates that the investigation and the filing of a complaint are two separate actions. Thus, an investigation may commence without the filing of a formal complaint. To facilitate the investigations of an unauthorized practice committee, Gov.Bar R. VII(12) provides that the board may issue subpoenas.

{¶ 7} As the Supreme Court of Kansas noted, "General tenets of administrative law recognize that an agency charged with investigatory duties to ferret out violations of the law can issue subpoenas and make such investigations, even though no formal administrative hearing be pending." *Yellow Freight Sys., Inc. v. Kansas Comm. on Civ. Rights* (1974), 214 Kan. 120, 123, 519 P.2d 1092, 1095, relying on *United States v. Morton Salt Co.* (1950), 338 U.S. 632, 642, 70 S.Ct. 357, 364, 94 L.Ed. 401, 410-411.

{¶ 8} The issues raised by respondent as to whether he has held himself out to be an attorney at law, or has engaged in the unauthorized practice of law, are questions to be brought, in the first instance, before the board should a formal complaint be filed against him. Respondent raises them here prematurely.

{¶ 9} Turning then to relator's motion, we note that in its subpoena the board requested materials that respondent supplied to clients and prospective clients, in addition to training manuals and telephone scripts, which respondent claims do not exist. After we denied his motion to strike the subpoena, respondent had a duty to furnish those materials, so far as he was able. He did not do so, nor did he respond to the repeated requests of relator that he furnish the materials. As a consequence, relator has been required to file an action to enforce the board's subpoena in this court. We find that in failing to honor the subpoena so far as he was able, respondent is in contempt of an order of this court. *In re Doerger* (1993), 66 Ohio St.3d 1498, 613 N.E.2d 239.

{¶ **10**} IT IS ORDERED that respondent pay $500 to the Clerk of the Supreme Court of Ohio within thirty days of the date of this order. The contemnor may purge himself of this sanction only by:

{¶ **11**} (1) Producing all documents and things as directed in the October 6, 1998 subpoena *duces tecum* within thirty days of this order.

{¶ **12**} (2) Filing written application with this court requesting that he be purged of contempt within ninety days of this order. Respondent's application must include written notification from relator that respondent produced the documents and things as commanded in the subpoena.

{¶ **13**} (3) Complying with this order and all future orders issued by this court. Respondent's failure to so comply may result in the reinstatement of any purged contempt sanction and/or other appropriate sanctions.

{¶ **14**} IT IS FURTHER ORDERED that as an additional sanction for contempt, respondent shall "compensate * * * for the necessity of bringing proceedings to enforce compliance" with the board's lawfully issued subpoena. *Brown v. Executive 200* (1980), 64 Ohio St.2d 250, 254, 18 O.O.3d 446, 449, 416 N.E.2d 610, 614. This portion of respondent's sanction cannot be purged. *Id.* Accordingly, relator is directed to file with the board an itemization of its expenses in preparing the motion to show cause dated January 22, 1999. If the board finds such expenses reasonable, then it shall so certify to this court, requesting a judgment against respondent in that amount.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————