[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 139.]

OFFICE OF DISCIPLINARY COUNSEL *v.* DYLYN.

[Cite as *Disciplinary Counsel v. Dylyn*, 2002-Ohio-1755.]

*Unauthorized practice of law—Individual not licensed to practice law in Ohio represented individual regarding legal claims and executed a legal services contract and fee agreement for his services—Engagement in the unauthorized practice of law enjoined.*

(No. 2001-2197—Submitted February 27, 2002—Decided May 1, 2002.)

ON FINAL REPORT of the Board of Commissioners on the Unauthorized Practice of Law, No. UPL0010.

**Per Curiam.**

{¶1} On July 17, 1998, respondent, David P. Dylyn,[1] agreed to represent Christopher Stegman by refiling a personal injury lawsuit on Stegman's behalf and by helping him to obtain driving privileges. Respondent drew up two separate contracts for these services. The first required Stegman to pay respondent a contingency fee for the "lawsuit vs. Gas USA and release of documents to DPD." The second contract required Stegman to pay a $200 retainer for respondent's efforts to secure the "reinstatement of driving privileges as per O.R.C. SR 657 [sic]."

{¶2} Stegman entered into these agreements because respondent represented that he was an attorney at law in Ohio. Thus, when respondent did not perform as promised, Stegman initiated a malpractice action against him, obtaining a $250,000 default judgment. At no time during these events, however, was respondent admitted to the Ohio Bar pursuant to Gov.Bar R. I, registered pursuant to Gov.Bar R. VI, or certified pursuant to Gov.Bar R. II, IX or XI.

---

1. Respondent has apparently also done business as "Double D Enterprises."

**{¶3}** On December 5, 2000, relator, Office of Disciplinary Counsel, filed a complaint charging respondent with the unauthorized practice of law. Respondent was served the complaint but did not answer, and relator filed a motion for default pursuant to Gov.Bar R. VII(7)(B). The Board of Commissioners on the Unauthorized Practice of Law heard the matter and granted relator's motion. The board concluded:

**{¶4}** "Respondent has engaged in the unauthorized practice of law through his solicitation and contractual agreement to provide legal services. The unauthorized practice of law by respondent included his purported representation of another regarding legal claims and his execution of a legal services contract and fee agreement for those services."

**{¶5}** On review of the record, we adopt the board's findings, conclusion, and recommendation that respondent be prohibited from engaging in the unauthorized practice of law in the future. A nonattorney who offers legal representation to others and draws up the agreements through which he or she will be compensated to secure those legal rights has engaged in the unauthorized practice of law. See, e.g., *Columbus Bar Assn. v. Purnell* (2002), 94 Ohio St.3d 126, 760 N.E.2d 817; *Cincinnati Bar Assn. v. Estep* (1995), 74 Ohio St.3d 172, 657 N.E.2d 499.

**{¶6}** Accordingly, respondent is hereby enjoined from further activities that constitute the unauthorized practice of law. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

Jonathan Coughlan, Disciplinary Counsel, and Stacey Solochek Beckman, Assistant Disciplinary Counsel, for relator.

————————————