[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 156.]

COLUMBUS BAR ASSOCIATION *v.* SMITH ET AL.

[Cite as *Columbus Bar Assn. v. Smith*, 2002-Ohio-3607.]

*Unauthorized practice of law—Individuals not licensed to practice law in Ohio preparing documents and giving advice for filing documents to customers seeking to retain driving privileges or appealing administrative driver's license suspensions—Engagement in the unauthorized practice of law enjoined.*

(No. 2002-0491—Submitted May 22, 2002—Decided July 31, 2002.)

ON FINAL REPORT of the Board of Commissioners on the Unauthorized Practice of Law of the Supreme Court, No. UPL005.

_____

**Per Curiam.**

{¶1} Respondent Jack B. Smith owns respondent All Ohio Insurance Agency, Inc. ("All Ohio"), which employs respondents Gregory P. Smith and Sheila A. Smith. The Smiths operated a business known as respondent License Recovery, which is wholly owned and operated as a division of All Ohio. None of the Smiths has ever been admitted to the practice of law in Ohio or any other jurisdiction, and All Ohio and License Recovery are neither legal professional corporations nor owned or operated by any individual admitted to practice law in Ohio or any other jurisdiction.

{¶2} Doing business as License Recovery, respondents obtained computerized lists identifying individuals who were subject to driver's license suspensions by the Ohio Bureau of Motor Vehicles and used these lists to solicit customers to assist in retaining their driving privileges or appealing their administrative suspensions. Respondents prepared documents, such as petitions to

modify point suspensions, and provided advice and instructions for filing the documents in various Ohio courts.

{¶3} In August 2000, relator, Columbus Bar Association, filed a complaint before the Board of Commissioners on the Unauthorized Practice of Law, alleging that by preparing documents and giving advice for filing the documents in Ohio courts, respondents engaged in the unauthorized practice of law. Respondents filed an answer, and the parties subsequently filed a stipulation of facts and waiver of notice of hearing. In the stipulation, respondents admitted that their preparation of documents and provision of advice for filing them constituted the practice of law.

{¶4} In its final report filed March 28, 2002, the board found the facts as previously set forth and concluded that respondents had engaged in the unauthorized practice of law. The board recommended that respondents be enjoined from engaging in further activity constituting the unauthorized practice of law in Ohio and that costs be taxed to respondents.

{¶5} On review of the record, we adopt the findings, conclusions, and recommendation of the board. " 'The practice of law * * * embraces the preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients before judges and courts.' " *Disciplinary Counsel v. Shrode*, 95 Ohio St.3d 137, 2002-Ohio-1759, 766 N.E.2d 597, at ¶6, quoting *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 1 O.O. 313, 193 N.E. 650, paragraph one of the syllabus; see, also, *Lorain Cty. Bar Assn. v. Kennedy* (2002), 95 Ohio St.3d 116, 116-117, 766 N.E.2d 151. Moreover, "[t]he practice of law is not restricted to appearances in court; it also encompasses giving legal advice and counsel." *Cincinnati Bar Assn. v. Telford* (1999), 85 Ohio St.3d 111, 112, 707 N.E.2d 462. By preparing documents for filing in courts and giving legal advice, respondents engaged in the unauthorized practice of law.

**{¶6}** Respondents are hereby enjoined from further actions that constitute the unauthorized practice of law.  Costs are taxed to respondents.

Judgment accordingly.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

—————————

Bruce A. Campbell, D. Allan Asbury and Daniel J. Igoe, for relator.

Brian J. Bradigan, for respondents.

—————————