OPINION
{¶ 1} Defendant-appellant, Jack Kessler ("appellant"), appeals from the judgment of the Franklin County Municipal Court, denying his motion for relief from a default judgment granted in favor of plaintiff-appellee National City Bank ("appellee"). Because the trial court did not abuse its discretion by so ruling, we affirm its judgment.
 {¶ 2} On July 31, 2002, appellee filed a complaint to collect $14,386.05 that it claims appellant owes on a credit card account. Appellant was served by certified mail on August 6, 2002. Appellant's time to serve an answer expired on September 3, 2002. On September 13, 2002, appellee sought a default judgment, which the court granted on September 16, 2002.[1]
 {¶ 3} On September 18, 2002, appellant filed a motion for relief from judgment. The court scheduled a hearing on appellant's motion for January 10, 2003. Appellant sought a continuance in order to allow actions by one Curtis Richmond to be completed. Appellant stated that these actions, if successful, would have a material bearing on the outcome of this case. The court granted appellant's request and rescheduled the hearing for March 4, 2003. Shortly after the hearing, the court journalized an entry denying appellant's motion for relief. It is from this entry that this appeal ensues.
 {¶ 4} Appellant sets forth seven assignments of error, which are reproduced here unedited:
1. A Pro Per Litigant is supposed to be given every consideration and understanding when procedures are inadvertently breached. The Appellant explained the misunderstanding of why the Answering of the Complaint was slightly late because National City Bank's Law Firm did not respond to Jack Kessler's Letter and then Jack Kessler was out of town. The Appellee was not hurt by this modest delay. A discussion of this issue was on Page 1-2 of Appellant's Motion to Set Aside Default Judgment Motion to Dismiss.
2. The Municipal Court totally ignored a Federal Banking Statute Regulation Z that is part of the Truth in Lending Act and it governs All Credit Card Transactions. When there is Fraud by the Merchant under 12 C.F.R. 226.12 and 226.13, the Cardholder is allowed to WITHHOLD PAYMENT until there is a Final Judgment in the Case. When this is done, the Bank is PROHIBITED from either trying to Collect or from Filing a Negative Credit Report Until there is a Final Judgment in the Case. These facts and statutes were discussed on Page 2 of the Motion to Set Aside Default Judgment.
3. On May 23, 2002 and well before the Appellee filed its Complaint, the Appellant legally Assigned His Legal Rights in the Purchase Plus Matter to Curtis Richmond. Both parties had a constitutional Right to make a Contract and Curtis Richmond has a constitutional right to represent himself. After this Contract was signed, the Appellee was required legally to go after Curtis Richmond if it thought it had a viable complaint. This issue was discussed on Page 2-3 of the Motion to Set aside Default Judgment. Also Curtis Richmond's Declaration of Feb. 21, 2003 supports this Agreement. This Assignment of Legal Rights is a Legal Contract as long as Curtis Richmond has the financial capability to pay the Alleged Judgment which he does, but National City Bank must first take Curtis Richmond to court and win a judgment.
4. The Municipal Court Judge ignored the Fact that there was Fraud by the Merchant Purchase Plus in the Disputed Transactions. The Appellant quoted Regulation Z 12 C.F.R. 226.12 as why he did not have to pay after providing proof of Fraud by the Merchant. Neither the Appellee or the Judge presented any legal evidence showing that Appellant is compelled under law to pay a Credit Card Charge when there is evidence of fraud by the Merchant. The fact is such evidence does not exist. The Appellant stated there is NO Statute of Limitations for Fraud under Title 18 Sect. 1031 on page 8 of Defendant's Answer to Plaintiff's Memorandum et al. to Jack Kessler's Motion to Set Aside Default Judgment. Also in the same Pleading on page 4 is reference to Truth In Lending Sect. I666i that states any transaction laced on a Consumer Credit Card is considered a Consumer Transaction.
5. The Municipal Court Judge ignored the Appellant's claim to Federal Rule 60(b) on page 2 of Defendant's Answer to Plaintiff's Memorandum Contra Defendant, John Kessler's Motion to Set Aside Default Judgment. Rule 60(b) and the strong legal evidence that John Kessler is not required to pay for Credit Card Charges when there is clear evidence of Fraud by the Merchant should have been viewed favorably by the judge. Fraud Activity by a Merchant is not supposed to be rewarded in our legal system.
6. The Municipal Court Judge ignored the fact that under Regulation Z 12 C.F.R. 226.12 National City Bank had no legal right to Collect. As a result, National City Bank had no legal right to Sell or Assign a Fraudulent Debt Claim to a Collection Agency. This fact was covered on Page 2 and 5 of Defendant's Answer to Plaintiff's Memorandum et al to Set Aside Default Judgment.
7. The Municipal Court Judge ignored the exact quotation from Regulation Z 12 C.F.R. 226.12(c)(2). This can be found on Page 6 of Defendant's Answer to Plaintiff's Memorandum et al John Kessler's Motion to Set Aside Default Judgment. In essence, a Merchant loses its right to rebut or recharge after it goes out of business. Furthermore because National City Bank and EFS National are obvious third parties to the Purchase Plan transactions, they have no legal right to rebut or recharge. An Independent Investigation is required to any Complaint obtaining information from BOTH the Cardholder and the Merchant. No one else is mentioned. Under Federal Rules of Evidence, both banks testimony would be considered Hearsay Evidence as they have no legal right to act in place of Purchase Plus. The two Banks have an obvious Conflict of Interest in the Case.
 {¶ 5} A decision to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) is entrusted to the sound discretion of the trial court. Moore v. Emmanuel Family Training Ctr. (1985), 18 Ohio St.3d 64,66. The trial court's ruling will not be changed on appeal without a showing that the trial court abused its discretion. Griffey v. Rajan
(1987), 33 Ohio St.3d 75; Guernsey Bank v. Varga (June 27, 2002), Franklin App. No. 01AP-1129, 2002-Ohio-3336.
 {¶ 6} In order to constitute an abuse of discretion, the court's decision must be so grossly inconsistent with fact or logic that it displays "not the exercise of reason but instead passion or bias." Vaughtv. Cleveland Clinic Found, 98 Ohio St.3d 485, 487, 2003-Ohio-2181. It is described as being more than an error of law or judgment; it implies the court's attitude was arbitrary, unreasonable, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 7} An appellate court should not substitute its judgment for that of the trial court when applying the abuse of discretion standard.State ex rel. Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728,732. Further, a trial court has not abused its discretion simply because a reviewing court could maintain a different opinion If it were deciding the issue. Guernsey Bank, supra; McGee v. CS Lounge (1996),108 Ohio App.3d 656, 660.
 {¶ 8} Appellant's motion for relief from judgment is governed by the standards set forth in Civ.R. 60(B):
On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly-discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
 {¶ 9} Civ.R. 60(B) attempts to balance the public's interest in protecting the finality of judgments with its interest in achieving justice. See, e.g., Knapp v. Knapp (1986), 24 Ohio St.3d 141, 144-145. Thus, in order to obtain relief from a final judgment pursuant to Civ.R. 60(B) a party must: (1) demonstrate he has a meritorious defense or claim to present if relief is granted; (2) show he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) seek relief within a reasonable time. GTE Automatic Elec., Inc. v. ARCIndustries, Inc., (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. The trial court should deny relief from judgment unless each of these requirements is satisfied. Stuller v. Price (Feb. 6, 2003), Franklin App. No. 02AP-267, 2003-Ohio-583, citing GTE at 151.
 {¶ 10} Appellant's seven assignments of error are interrelated, and essentially fall into two categories. Appellant contends the trial court abused its discretion when it denied him relief from judgment because (1) he has demonstrated excusable neglect, and (2) he has a meritorious defense to present if relief were granted.
 {¶ 11} As part of his first assignment of error, appellant contends that as he is representing himself, he should be given every consideration when court procedures are not followed. We address this issue separately because it is common to each assigned error.
 {¶ 12} While we give appellant every consideration as we review his assigned errors, we do not give him extra consideration simply because he has chosen to exercise his right to represent himself. The same rules, procedures and standards apply to one who appears pro se as apply to those litigants who are represented by counsel. Dornbirer v. Paul (Aug. 19, 1997), Franklin App. No. 96APE11-1560; Meyers v. First Natl. Bank
(1981), 3 Ohio App.3d 209, 210. The rules of civil procedure are to be applied to effect just results, whether or not one is represented by counsel. See Civ.R. 1(B). If a court treats pro se litigants differently, it departs from its duty to be impartial and to apply the law equally to all who appear before it. Justice v. Lutheran SocialServices of Central Ohio (Jun. 8, 1993), Franklin App. No. 92AP-1153.
 {¶ 13} Mindful that Ohio jurisprudence favors deciding cases on their merits rather than on procedural grounds whenever possible, we have carefully reviewed the trial court record and appellant's brief to determine whether his assignments of error have merit. See, e.g.,Featherstone v. The Ohio State Univ. College of Dentistry (Dec. 18, 2001), Franklin App. No. 01AP-693. However, a pro se litigant must, at a minimum, identify the errors he wishes us to consider. Conley v. Willis
(Jun. 14, 2001), Scioto App. No. 00CA2476. An appellate court is not required to "conjure up questions never squarely asked or construct full-blown claims from convoluted reasoning." State ex rel. Karmasu v.Tate (1992), 83 Ohio App.3d 199, 206; Featherstone, supra. Nor can we attempt to construct assignments of error that may be discernable from the record. Featherstone, supra. See also, App.R. 16(A) (requiring party to identify error); App.R. 12(A)(2) (permitting court to disregard error not properly identified). Just as a party who chooses to represent himself will certainly accept any benefits that result, he must also accept the results of his own mistakes or omissions. Meyers, supra.
 {¶ 14} The analysis of excusable neglect turns on the facts and circumstances presented in each case. Cannell v. Bates (Mar. 8, 2001), Franklin App. No. 00AP-915, citing Colley v. Bazell (1980),64 Ohio St.2d 243, 248. As we stated in Cannell, neglect is inexcusable when it demonstrates a complete disregard for the judicial system or an opposing party. While unusual or special circumstances can justify neglect, if a party could have controlled or guarded against the happening or event he later seeks to excuse, the neglect is not excusable. Id. Vanest v. Pillsbury Co. (1997), 124 Ohio App.3d 525.
 {¶ 15} Appellant's first, third, and fifth assignments of error address the second element of the GTE standard, his entitlement to relief for one of the grounds contained in Civ.R. 60(B)(1)-(5). Civ.R. 60(B)(1) permits the court to grant relief from judgment upon a showing of excusable neglect. In his first assignment of error, appellant contends the trial court should have excused his failure to file an answer because he was out of town from late August to September 5, 2002 and because appellee didn't respond to his August 12, 2002 letter.
 {¶ 16} Nothing in the summons, or anywhere else in the rules of procedure, required appellee to reply to appellant's letter. Pleadings consist of a complaint and an answer. Civ.R. 7(A). While the court may order a reply to an answer, it did not do so here and appellant did not ask for such an order. Once appellant was served with a summons and a copy of the complaint, he had an affirmative duty to respond to the complaint in a timely manner, and to let the court know what his answer was. Miami Valley Hospital v. Martin (Aug. 26, 1996), Warren App. No. CA96-03-029. Appellant did not fulfill his duties either to the judicial system or to the opposing party by simply demanding that appellee withdraw its complaint.
 {¶ 17} Additionally, when appellant's August 12 letter is read as a whole, it is unclear what response appellant claims to have been waiting for. In his letter, appellant wrote that if appellee did not withdraw the complaint in seven days he would have a response prepared. Appellee did not withdraw the complaint, yet appellant took no further action until judgment had been entered against him. Though appellant's letter does ask for a response, it also accuses appellee of violating federal law by contacting him, states he has assigned his rights to Curtis Richmond, and tells appellee that all further contact should be directed to Richmond. Finally, and most significantly, the letter states, "Any silence or refusal to comply with my demand that you immediately withdraw your complaint will give me my legal marching orders. The clock is ticking." Id. at 4. Thus, prior to judgment appellant told appellee he would proceed if appellee did not respond, but after judgment appellee claims he needed appellee's response before he could file an answer.
 {¶ 18} As to appellant's claim that he was out of town from late August until September 5, 2002, the record demonstrates that appellant received the complaint and had the ability to take action in response to it well within the time the rules allow. Accepting that appellant was out of town for part of the response time does not automatically mean he was unable to answer the complaint in a timely manner. We also note he did not seek an extension of time to file his answer. Civ.R. 6(B). Appellant has not identified any circumstance out of his control that prevented him from filing a timely answer.
 {¶ 19} In light of the record before it, the trial court was well within its discretion to find that appellant was not entitled to wait for appellee's response to his letter before he filed an answer, especially since appellant said he would treat a refusal to respond as his "legal marching orders" to proceed. Appellant's deadline for appellee to withdraw its complaint expired well before appellant's answer was due. Appellant has not explained how being out of town prevented him from filing an answer. Accordingly, appellant's first assignment of error is overruled.
 {¶ 20} In his third assignment of error, appellant states appellee was required to sue Curtis Richmond because appellant "assigned his legal rights in the Purchase Plus matter to Curtis Richmond. Both parties have a constitutional right to make a contract, and Curtis Richmond has a constitutional right to represent himself." Because this assignment of error could be broadly interpreted as an excuse for appellant's neglect, in addition to attempting to set forth a meritorious defense, we will examine it further.
 {¶ 21} It has long been the law that a promise to pay the debts of another must be in writing in order to be enforceable. R.C. 1335.05. It must also be signed by the party to be charged with paying the debt. Id. Laws in effect when a contract is formed are incorporated into the contract, based on the principle that the parties entered into the contract in reliance on the law as it then existed. City of Middletownv. Ferguson (1986), 25 Ohio St.3d 71, 78. Moreover, and contrary to appellant's claims, his purported assignment does not require Richmond to pay the debt appellee claims appellant owes.[2]
 {¶ 22} The Ohio and United States Constitutions each protect the freedom to contract,[3] and the protections are coextensive. WestfieldIns. Co. v. Galatis (2003), 100 Ohio St.3d 216, 219. However, those protections are not absolute. Private contractual arrangements do not create immunity from state regulations, so long as those regulations are consistent with a legitimate public purpose U.S. Trust Co. of N.Y. v. NewJersey (1977), 431 U.S. 1, 21-22, 97 S.Ct. 1505.
 {¶ 23} Appellant entered into a credit card contract with appellee. Appellant cannot satisfy his contractual obligations to appellee by unilaterally assigning them to another. While a novation can permit a new party to assume the contractual debts of another, it requires the consent of all parties before it is effective. A novation is never presumed, especially here, where appellant does not claim that appellee ever consented to look to Richmond for payment of appellant's contractual debt. Werner v. Marsh USA, Inc., Franklin App. No. 01AP-1211, 2002-Ohio-2176; Dalicandro v. Morrison Road Development Company, Inc.
(Apr. 17, 2001), Franklin App. No. 00AP-619. The impairment on contract rights of which appellant complains arises not from the law, but rather out of the original contract.
 {¶ 24} Moreover, we note that while Richmond has a right to represent himself, he cannot use a contract to create a right to represent others in court. United States Trust Co. v. New Jersey, supra. The First Amendment to the Constitution of the United States does not contain a right to represent others before a court without having a license to do so, and the state has a compelling interest in the practice of law. See, e.g., Lindstrom v. Illinois (N.D.Ill. 1986),632 F. Supp. 1535, 1538; Neilson v. Michigan (C.A. 6, 1999), No. 98-1317, citing Turner v. American Bar Assn. (N.D.Tex. 1975),407 F. Supp. 451, 477.[4] Article IV, § 2(B)(1)(g) of the Ohio Constitution gives this state's Supreme Court power over all matters relating to the practice of law. The Ohio legislature also prohibits the practice of law by non-attorneys. R.C. 4705.01. Additionally, a non-lawyer may not use contract rights to appear in court on another's behalf.Disciplinary Counsel v. Coleman (2000), 88 Ohio St.3d 155.[5] Parties cannot use a contract to create a right that does not otherwise exist.
 {¶ 25} In light of the record before it, the trial court was well within its discretion to find that appellant was not excused from responding to the complaint merely because he claims he assigned the contract to another, especially since his allegation is an affirmative defense requiring an answer. Civ.R. 8(C). Even if appellant believed in good faith that Richmond was somehow to represent him before this court, it was appellant's responsibility to be sure he attempted to do so. Accordingly, appellant's third assignment of error is overruled.
 {¶ 26} In his fifth assignment of error, appellant claims the trial judge "ignored his claim to Federal Rule 60(b) * * *." This court is governed by the Ohio Rules of Civil Procedure, not by the federal court rules. Accordingly, we apply Ohio's Civ.R. 60(B), which is analogous. The record shows the court entertained appellant's motion for relief from judgment, including allowing oral argument. The fact that the trial judge's ruling was unfavorable to appellant does not mean he ignored appellant's claim. Accordingly, appellant's fifth assignment of error is overruled.
 {¶ 27} In his second, fourth and sixth assignments of error, appellant seeks relief from judgment on the basis of fraud by the merchant. While Civ.R. 60(B)(3) permits a court to grant relief from judgment because of fraud by an adverse party, appellant's fraud by the merchant allegation is not within the scope of the rule. While the merchant that appellant claims committed fraud may have an interest adverse to appellant's interests, the merchant is simply not a party to this case. Accordingly, appellant's claim of fraud by the merchant does not entitle him to relief from judgment pursuant to Civ.R. 60(B)(3).
 {¶ 28} In order to be entitled to relief from judgment, appellant must demonstrate he has a meritorious defense or claim to present if relief is granted, show he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and seek relief within a reasonable time. A failure to satisfy any one of these requirements results in relief being denied. Appellant clearly sought relief within a reasonable time by filing his motion for relief two days after judgment was entered, thereby satisfying one of these requirements.
 {¶ 29} We have overruled appellant's first, third, and fifth assignments of error, each of which seeks relief pursuant to Civ.R. 60(B)(1). We also have rejected appellant's fraud claim, to the extent it falls within Civ.R. 60(B)(3). In doing so, we find it was well within the trial court's discretion to find appellant has not shown he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5). Since appellant has failed to satisfy one or more of the elements he must establish to obtain relief from judgment, the trial court acted within its discretion by denying appellant's motion. Therefore, we need not address the merits of appellant's claimed defenses, since appellant is not entitled to the relief he seeks.
 {¶ 30} For the reasons set forth above, appellant's first, third, and fifth assignments of error are overruled. Appellant's second, fourth, and sixth assignments of error are overruled to the extent they can be read to allege fraud by a party to this lawsuit. The remainder of appellant's second, fourth and sixth assignments of error, and all of appellant's seventh assignment of error, are rendered moot. Accordingly, the judgment of the Franklin County Municipal Court is hereby affirmed.
Judgment affirmed.
Bowman and Bryant, JJ., concur.
[1] On August 12, 2002, appellant mailed a four-page letter to appellee. We need not consider whether the letter constituted an appearance for purposes of Civ.R. 55(A), thereby triggering a seven-day notice provision before default judgment could have been granted, because appellant has not assigned it as error.
[2] With his reply brief in support of his motion for relief from judgment, appellant submits an affidavit from Curtis Richmond. Affidavits must be based on personal knowledge, must set forth such facts as would be admissible in evidence, and must show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Civ.R. 56(E). In his affidavit, Richmond states the assignment appellant executed includes the obligation upon which appellee has sued. However, the interpretation of a clear and unambiguous written contract is a matter of law for the court. Latina v. Woodpath Dev. Co. (1991),57 Ohio St.3d 212. Richmond's affidavit interpreting the assignment contract is extrinsic; therefore, the court may not consider it. Much of the remainder of his affidavit consists of legal conclusions, which are beyond the knowledge or experience possessed by ordinary lay persons. Richmond has not affirmatively shown he is competent to offer expert testimony on the subject. See also, Evid.R. 702. Thus, Richmond's affidavit has no effect on the outcome of this case.
[3] Clause 1, Section 10, Article 1, United States Constitution; Section 28, Article II, Ohio Constitution.
[4] For a more complete discussion of non-lawyers to represent others in federal courts, see United States ex rel. Rockefeller v. WestinghouseElec. Co. (D.D.C. 2003), 274 F. Supp.2d 10; C.F. Pope Equity Trust v.United States (C.A. 9, 1987), 818 F.2d 696, 697-98. See, also, Seed-FaithChurch of God, Curtis R. Richmond v. Preliminary Home Fed. Savings Loan (1991), 274 F. Supp.2d 10 (prohibiting Curtis Richmond from representing others in court without being an attorney.
[5] In Coleman, a person was prohibited form using a power of attorney as authorization to file a lawsuit on behalf of another. See, also,Cuyahoga Cty. Bar Assn. v. Spurlock (2003), 96 Ohio st.3d 18 (layperson cannot prepare habeas corpus petitions); Columbus Bar Assn. v. Smith
(2002), 96 Ohio St.3d 156, 2002-Ohio-3607 (insurance agents cannot prepare documents for court filing and provide advice on how to modify drivers' license suspensions); Disciplinary Counsel v. Shrode (2002),95 Ohio St.3d 137 (corporation's statutory agent for accepting service of process cannot appear in court on its behalf); Fravel v. Stark Ct. Bd. ofRevision (2000), 88 Ohio St.3d 574 (non-attorney agent cannot file a third party's petition for property tax reduction).