CINCINNATI BAR ASSOCIATION *v.* BAILEY.

[Cite as *Cincinnati Bar Assn. v. Bailey,*
110 Ohio St.3d 223, 2006-Ohio-4360.]

(No. 2005–1930—Submitted February 21, 2006—Decided September 6, 2006.)

———

**Per Curiam.**

{¶ 1} Relator, Cincinnati Bar Association, has charged that respondent, Donald L. Bailey, d.b.a. License Resque, has engaged in the unauthorized practice of law by advising clients and providing instruction on preparing and filing documents with the Ohio Bureau of Motor Vehicles ("BMV") to obtain relief from license suspensions. Respondent is not licensed to practice law and has been the subject

of a lengthy investigation and a number of legal skirmishes spanning six years.[1] This case was filed on December 11, 2003, respondent filed an answer on January 30, 2004, and eventually a hearing was held before a panel of the Board on the Unauthorized Practice of Law on June 9, 2005, where respondent appeared on his own behalf.

{¶ 2} A number of exhibits, including case files of License Resque, were entered into evidence, and relator called two witnesses, Christopher McNeil, former lead attorney for the BMV Section of the Attorney General's office, and J. Patrick Foley III, associate legal counsel of the BMV from 1991 to 2000, in addition to respondent. BMV employees Timothy Fisher, assistant chief of the Reinstatement Offices, Annette Pinkerton, chief of the Telecommunications Section, and Julie Simpkins, phone operator, testified on behalf of Bailey.

{¶ 3} There was also evidence that in 1996, respondent had entered into a consent agreement with the Columbus Bar Association. Acknowledging that his preparation of a petition and stay order for a client "may have unintentionally violated" Gov.Bar R. VII, he agreed to refrain from engaging in any conduct that violated the Supreme Court Rules for the Government of the Bar of Ohio.

{¶ 4} Respondent testified that he has continued to operate in business in nearly the same fashion and has offered the same services since 1989. He provides clients with petitions to modify point suspensions and fills in the name of the court of their residency. He also uses powers of attorney to take actions necessary to restore his clients' driving privileges.

{¶ 5} Respondent argued at the hearing that the charges are baseless, claiming that License Resque is simply a courier service that assists people to reinstate suspended licenses and that there is no evidence that any more information was imparted to his customers than that already available from the BMV or a clerk of courts. Respondent asserts that there is no proof of any harm caused by his actions, since relator called none of License Resque's former customers as witnesses. In short, respondent denies that he acted as an attorney and states that he was simply doing business with the BMV in a manner that has already been approved by this court in *Cleveland Bar Assn. v. CompManagement, Inc.*, 104 Ohio St.3d 168, 2004-Ohio-6506, 818 N.E.2d 1181.

---

1. *Cincinnati Bar Assn. v. Bailey* (2000), 90 Ohio St.3d 136, 735 N.E.2d 428; *Cincinnati Bar Assn. v. Bailey* (2000), 90 Ohio St.3d 1437, 736 N.E.2d 900; *Cincinnati Bar Assn. v. Bailey* (2000), 90 Ohio St.3d 1447, 737 N.E.2d 52; *Cincinnati Bar Assn. v. Bailey* (2001), 92 Ohio St.3d 1426, 749 N.E.2d 754; *Cincinnati Bar Assn. v. Bailey*, 98 Ohio St.3d 1499, 2003-Ohio-1341, 785 N.E.2d 480; *Cincinnati Bar Assn. v. Bailey*, 98 Ohio St.3d 1546, 2003-Ohio-2032, 787 N.E.2d 9; *Cincinnati Bar Assn. v. Bailey*, 99 Ohio St.3d 1441, 2003-Ohio-3017, 789 N.E.2d 1121; *Cincinnati Bar Assn. v. Bailey*, 99 Ohio St.3d 1446, 2003-Ohio-3305, 790 N.E.2d 795.

## The Final Report

{¶ 6} A panel of the Board of the Unauthorized Practice of Law heard the cause and made findings of fact, conclusions of law, and a recommendation, all of which the board adopted. The final report concluded that respondent, individually and through others working for License Resque, had engaged in the unauthorized practice of law. Gov.Bar R. VII(7)(E) requires proof by a preponderance of the evidence that respondent has engaged in the unauthorized practice of law. The board specifically found that respondent advised clients regarding time limits for filing requests for administrative hearings and regarding wording and time limits for filing court appeals; he advised them on the requirements for reinstatement of licenses and driving privileges from the 45 to 50 different types of license suspension; he advised clients as to statements to make in court; he interpreted the effect of abeyance letters and advised them on what to do if they missed court deadlines; he prepared requests for appeals, accident reports, affidavits to submit to the BMV, and petitions to modify point suspensions; and he communicated personally and through others working for his business with the BMV and with court employees on behalf of his clients. In summary, the board found that providing legal advice, preparing legal documents, and communicating with administrative and court employees on behalf of others were the types of services that respondent provided to his customers.

{¶ 7} The panel and the board recommended an order that respondent be found to have engaged in the unauthorized practice of law, that he be enjoined from continuing to do so both personally and through his business License Resque, and that he be fined $170,000 in civil penalties under Gov.Bar R. VII(8)(B) and costs. Applying the standards in Gov.Bar R. VII(8)(B) for determining the propriety of a civil penalty, the board explained that respondent had committed previous acts of unauthorized practice of law, cited his 1996 consent agreement, his knowledge of the nature of his acts, the substantial financial benefit in gross business revenue, his admitted interactions with numerous clerks of courts and with BMV employees on behalf of clients, and his assistance in preparing forms for many customers. It found that respondent had failed to cooperate over a long time and that no mitigating factors existed and thus recommended "rather harsh and severe" civil penalties.

## Respondent's Position

{¶ 8} Respondent presents 38 objections to the board's recommendation. In addition, he argues that nonlawyer representatives participating in actions before the BMV are not engaged in the practice of law, according to *Cleveland Bar Assn. v. CompManagement, Inc.*, 104 Ohio St.3d 168, 2004-Ohio-6506, 818 N.E.2d

1181, and *Henize v. Giles* (1986), 22 Ohio St.3d 213, 22 OBR 364, 490 N.E.2d 585, and that the imposition of costs and civil penalties is not warranted.[2]

## Evidentiary Objections

{¶ 9} Respondent raises several evidentiary objections. Objections one through eight and 12 through 34 concern the admission of documents, including complaints filed with the Attorney General's office and License Resque client files. At the hearing, the only objection that respondent raised was that exhibits S1 through S20, the client files of License Resque, should not be admitted because the client files were taken out of his office under duress. Therefore, respondent has waived all other evidentiary objections.[3] Respondent also raised his duress objection in a prehearing motion before the panel, arguing that because he was under the threat of jail for contempt, the files were seized illegally. The client files were produced pursuant to a subpoena duces tecum, which this court enforced with two orders finding respondent in contempt for failure to provide relator with the documents. See *Cincinnati Bar Assn. v. Bailey*, 99 Ohio St.3d 1446, 2003-Ohio-3305, 790 N.E.2d 795; *Cincinnati Bar Assn. v. Bailey*, 99 Ohio St.3d 1441, 2003-Ohio-3017, 789 N.E.2d 1121; *Cincinnati Bar Assn. v. Bailey*, 98 Ohio St.3d 1546, 2003-Ohio-2032, 787 N.E.2d 9; and *Cincinnati Bar Assn. v. Bailey* (2000), 90 Ohio St.3d 136, 735 N.E.2d 428. We therefore overrule respondent's objection to their admission.

{¶ 10} In objection seven, respondent argues that the panel erred in admitting the 1996 consent agreement. Although respondent argues that the consent agreement should not have been considered, he himself asked for it to be admitted into evidence. He cannot now complain that it should not be considered.

{¶ 11} Objection 8 alleges that the admission of all of the documents was improper because relator did not provide a description of the evidence prior to the June 9, 2005 hearing. Respondent did not raise this objection to the panel and therefore has waived it.

{¶ 12} In objections 9 through 11, respondent argues that relator's witnesses were biased. Bias raises an issue of credibility. It does not preclude the admission of the testimony.

---

2. Before oral argument in this court, respondent filed several motions, which we have denied. See, e.g., *Cincinnati Bar Assn. v. Bailey*, 109 Ohio St.3d 1410, 2006-Ohio-1832, 846 N.E.2d 48.

3. Objections 13, 17, 21, 24, 26, 30, and 32 are moot because the client files to which they refer were not admitted into evidence.

### Constitutional Objections

{¶ 13} Respondent also challenges the constitutionality of Gov.Bar R. VII in objections 35 through 38,[4] yet he cannot show beyond a reasonable doubt that our regulation is clearly incompatible with the constitution. *State v. Smith* (1997), 80 Ohio St.3d 89, 99, 684 N.E.2d 668. With respect to his due process claims, as this is a civil proceeding, respondent's hearing was to comport with general mandates of due process that require notice and meaningful opportunity to be heard. *State v. Hayden*, 96 Ohio St.3d 211, 773 N.E.2d 502, 2002-Ohio-4169, at ¶ 6. The record shows that proper notice of the charges and of the hearing was provided, and the transcript of the one-day hearing shows that these rights were honored. As to the First Amendment, the restrictions on respondent's conduct by prohibiting practicing law without a license do not implicate his right to free speech. See *Ohralik v. Ohio State Bar Assn.* (1978), 436 U.S. 447, 456, 98 S.Ct. 1912, 56 L.Ed.2d 444. Respondent's claim that he should have received a jury trial as requested also fails. Since this type of action did not exist at common law, there is no right to a jury, and neither Section 5, Article I of the Ohio Constitution nor Civ.R. 38 provides for it in proceedings under Gov.Bar R. VII.

{¶ 14} Finally, respondent objects to the imposition of any penalty as unconstitutional. Respondent maintains that he cannot be fined retroactively because Gov.Bar R. VII did not provide for a $10,000 civil penalty until June 16, 2003. The relator correctly responds, however, that respondent's acts were ongoing in nature. We have previously imposed monetary penalties in a case concerning the unauthorized practice of law when some of the violations predated current Gov.Bar R. VII(8)(B). *Toledo Bar Assn. v. Chelsea Title Agency of Dayton, Inc.*, 100 Ohio St.3d 356, 2003-Ohio-6453, 800 N.E.2d 29. Furthermore, in *Cleveland Bar Assn. v. Sharp Estate Servs., Inc.*, 107 Ohio St.3d 219, 2005-Ohio-6267, 837 N.E.2d 1183, ¶ 16, we noted that Gov.Bar R. VII " 'shall be liberally construed for the protection of the public, the courts, and the legal profession and shall apply to all pending investigations and complaints so far as may be practicable, and to all future investigations and complaints whether the conduct involved occurred prior or subsequent to the enactment or amendment of this rule,' " quoting Gov.Bar R. VII(17). The imposition of monetary sanctions is not prohibited. Id.

### Finding of Unauthorized Practice of Law

{¶ 15} We reject respondent's factual arguments that he did not engage in the practice of law, for the reasons cited by the board. His misguided attempts to

---

4. Respondent also filed a motion for an order declaring Gov.Bar R. VII unconstitutional on its face and as applied on January 25, 2006, which raises the same general arguments presented in his objections and brief in support. This motion was denied in 108 Ohio St.3d 1465, 2006-Ohio-627, 842 N.E.2d 537.

minimize his actions representing individuals before the BMV illustrate why the practice of law must be strictly limited to licensed attorneys. The practice of law is exacting even with the required legal and ethical training, and the legal system cannot adequately safeguard the public's interest unless it ensures a core level of professional competence and integrity. See *Akron Bar Assn. v. Frank* (2000), 88 Ohio St.3d 152, 724 N.E.2d 399 (nonlawyer who "has no idea of judicial procedure, no concept of how to present facts, and [no ability] to interpret case law" was a "living example of why we require character and fitness reviews, examinations of legal ability, and continuing education of those who are permitted to give legal advice and appear in our courts").

{¶ 16} Section 2(B)(1)(g), Article IV, Ohio Constitution confers on this court original jurisdiction regarding "[a]dmission to the practice of law, the discipline of persons so admitted, and all other matters relating to the practice of law." A person who is not admitted to the practice of law or certified for limited practice pursuant to the Supreme Court Rules for the Government of the Bar engages in the unauthorized practice of law when he or she provides legal services to another in this state. Gov.Bar R. VII(2)(A); see, also, R.C. 4705.01.

{¶ 17} "The practice of law is not limited to the conduct of cases in court. It embraces the preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients before judges and courts, and in addition conveyancing, the preparation of legal instruments of all kinds, and in general all advice to clients and all action taken for them in matters connected with the law." *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 1 O.O. 313, 193 N.E. 650, paragraph one of the syllabus.

{¶ 18} Furthermore, we have already examined the practice of law in connection with the provision of services when drivers' licenses are suspended. In one case, we held that the activities of a company called License Recovery, very similar to those of License Resque's, amounted to the unauthorized practice of law. *Columbus Bar Assn. v. Smith*, 96 Ohio St.3d 156, 2002-Ohio-3607, 772 N.E.2d 637, at ¶ 2 and 3. In *Disciplinary Counsel v. Dylyn*, 95 Ohio St.3d 139, 2002-Ohio-1755, 766 N.E.2d 599, at ¶ 5, we found an unauthorized legal services contract when a nonattorney sought fees for efforts to secure "reinstatement of driving privileges." Respondent's reliance on *Cleveland Bar Assn. v. CompManagement, Inc.*, 104 Ohio St.3d 168, 2004-Ohio-6506, 818 N.E.2d 1181, and *Henize v. Giles* (1986), 22 Ohio St.3d 213, 22 OBR 364, 490 N.E.2d 585, is misplaced, for those cases were expressly limited to workers' compensation and unemployment-compensation matters, respectively.

{¶ 19} We therefore adopt the board's findings concerning respondent's unauthorized practice of law. We also agree that a civil penalty is warranted, but we

find that the maximum $10,000 penalty for each of "the seventeen (17) specific acts and offenses of the unauthorized practice of law established in the record," as recommended by the board, is excessive here.

{¶ 20} The propriety and amount of the civil penalty depend on the factors in Gov.Bar R. VII(8)(B)(1) through (5), including the number of incidents of unauthorized practice, the flagrancy of each incident, and the harm caused to third parties. For example, in *Stark Cty. Bar Assn. v. Bennafield,* 107 Ohio St.3d 29, 2005-Ohio-5832, 836 N.E.2d 562, we did not impose a civil penalty, because the layperson committed only one infraction and did not profit from his efforts. Similarly, in *Cleveland Bar Assn. v. Para–Legals, Inc.,* 106 Ohio St.3d 455, 2005-Ohio-5519, 835 N.E.2d 1240, ¶ 9, two laypersons and their company were not fined, because their illegal acts were relatively few in number, and the company had stopped advertising its unlawful services upon notice that a complaint had been filed. In contrast, the agency in *Toledo Bar Assn. v. Chelsea Title Agency of Dayton, Inc.,* 100 Ohio St.3d 356, 2003-Ohio-6453, 800 N.E.2d 29, was fined $1,000 because it had prepared, through a nonlawyer agent, two deeds for its customers, one after being advised that only a licensed attorney may draft a deed for another.

{¶ 21} In respondent's case, there is evidence of noncooperation. Relator's investigation began in 1997. A subpoena was issued to respondent on October 6, 1998, which he failed to comply with until this court ordered that he be incarcerated for ten days for contempt of court. See *Cincinnati Bar Assn. v. Bailey* (2000), 90 Ohio St.3d 136, 735 N.E.2d 428; *Cincinnati Bar Assn. v. Bailey,* 99 Ohio St.3d 1441, 2003-Ohio-3017, 789 N.E.2d 1121. Respondent was on notice at least since 1996, when he signed the consent agreement with the Columbus Bar Association, that his continued actions on behalf of others in providing license-reinstatement services could amount to the unauthorized practice of law. Respondent insists that no evidence of harm exists because individual clients were not called to testify to actual harm done to them. Yet at least six persons had filed consumer complaints with the office of the Attorney General against License Resque. More important, however, Gov.Bar R. VII is designed to *prevent* harm to unsuspecting individuals who think they have been properly represented.

{¶ 22} Based on the foregoing, we accept the board's findings; however, with respect to the number of violations proven with specificity and based on the assertions that respondent made regarding his financial condition during oral argument, we modify the civil penalty recommended. Based upon our view of the evidence, we conclude that a $50,000 civil penalty is more appropriate, taking into account the delay in cooperating and the length of time License Resque has been engaging in its activities. Respondent is enjoined from engaging in the unautho-

rized practice of law, either individually or through others employed by License Resque, including all attempts to appear at the Ohio Bureau of Motor Vehicles or in court or to prepare legal papers on behalf of any person other than himself. We also order respondent to pay a civil penalty of $ 50,000 pursuant to Gov.Bar R. VII(8)(B) and (19)(D)(1)(c). Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

LUNDBERG STRATTON, J., concurs in part and dissents in part.

---

**LUNDBERG STRATTON, J., concurring in part and dissenting in part.**

{¶ 23} I concur with the majority to the extent that the opinion adopts the board's findings concerning respondent's unauthorized practice of law. However, I respectfully dissent from the amount of the civil penalty imposed. Instead, I would impose a civil penalty of $1000 for each of the 14 violations documented by client files admitted into evidence at the hearing, for a total of $14,000.

---

Rosemary D. Welsh and Theresa L. Groh, for relator.

Donald L. Bailey, pro se.