JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} On February 12, 2007, Susan Block applied, pursuant to App.R. 26(B), to reopen this court's judgment in State of Ohio v. JeffreyBlock,[1], in which this court affirmed Jeffrey Block's conviction for intimidation. Although the State of Ohio has not filed a brief in opposition, this court, sua sponte, strikes and dismisses the application for the following reasons.
 {¶ 2} Susan Block is the wife of defendant-appellant Jeffrey Block. In the identifying block in the caption of the application, Susan identifies herself as agent, not attorney, for appellant Jeffrey Block. She does not include any Ohio Attorney Registration number. Among the attachments to the application is an Ohio General Durable Power of Attorney form in which Jeffrey Block appoints Susan Block as his agent or attorney in fact. A search of the Supreme Court of Ohio's Attorney Directory for "Susan Block" and "Block" revealed that there were no Susan Blocks registered as attorneys in the State of Ohio. Accordingly, this court concludes that Susan Block is not an attorney registered in the State of Ohio.
 {¶ 3} The practice of law includes "the preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings * * * before judges and courts."[2] Thus, the preparation and *Page 4 
filing of an application to reopen under App.R. 26(B), which necessarily includes an analysis on the ineffectiveness of appellate counsel and the formulation of appellate arguments concerning criminal law and procedure, constitute the practice of law and the rendering of legal services.
 {¶ 4} Gov. Bar. R. VII § 4(A) defines the unauthorized practice of law as "the rendering of legal services for another person by any person not admitted to practice in Ohio * * *." Because Susan Block is not an attorney registered to practice law in the State of Ohio, her preparation of an application to reopen pursuant to App.R. 26(B), even on behalf of her husband, is the unauthorized practice of law. The law recognizes that a person has the inherent right to proceed pro se in any court, but that right pertains only to that person. It does not extend to the person's spouse, child, or solely owned corporation.
 {¶ 5} A durable power of attorney, naming a non-attorney as one's agent and attorney in fact, does not permit that person to prepare and pursue legal filings and proceedings as an attorney at law. Indeed, inColeman the Supreme Court of Ohio decried that argument as sophistry. The Court noted that since 1402 the law has recognized the distinction between an attorney in fact and an attorney at law, and only attorneys at law have been permitted to practice in the courts. Furthermore, allowing a durable power of attorney to permit the practice of law would circumvent and thwart the Supreme Court's constitutional power over all matters relating to the practice of law and R.C. 4705.01. Additionally, in Cleveland Bar Association v. Para- *Page 5 legals, Inc.,[3] the defendants had entered into a special power of attorney which purported to give a para-legal company the authorization to represent a Florida company in a municipal court's small claims division. The Supreme Court rejected that argument and concluded that without an attorney the defendant company would be engaging in the unauthorized practice of law.[4]
 {¶ 6} Judges have the ethical duty to prevent the unauthorized practice of law.[5] In Village of Lisbon v. Merino[6], the court of appeals affirmed the trial judge's decision to prohibit a non-lawyer spouse from sitting with and aiding a defendant in representing herself, because, inter alia, "a trial judge has the ethical duty to prevent unauthorized practice of law * * *."[7] The Supreme Court of Ohio has held that trial courts have the inherent power to regulate the practice of law before it, including the duty to see to the ethical conduct of attorneys; furthermore, the Court encouraged *Page 6 
"courts throughout this state in their efforts to halt unprofessional conduct * * *."[8] As an appropriate remedy a court may strike a filing by a non-attorney.[9]
 {¶ 7} The court also notes that there is no sworn statement of the basis for the claim that appellate counsel's representation was deficient, as required by App. R. 26(B)(2)(d). This affidavit is mandatory, and the failure to include such a sworn statement is sufficient reason to dismiss the application.[10]
 {¶ 8} Accordingly, this court strikes and dismisses the application to reopen.
MELODY J. STEWART, J., and ANN DYKE, J., CONCURS
[1] Cuyahoga App. No. 87488, 2006-Ohio-5593.
[3] 106 Ohio St.3d 455, 2005-Ohio-5519, 835 N.E.2d 1240.
[4] See, also, Cincinnati Bar Association v. Bailey,110 Ohio St.3d 223, 2006-Ohio-4360, 852 N.E.2d 1180, and Cuyahoga County BarAssociation v. Spurlock, 96 Ohio St.3d 18, 2002-Ohio-2580,770 N.E.2d 568 — "a power of attorney does not give a person the right to prepare and file pleadings in court for another." 2002-Ohio-2580 at]}9.
[5] Rule of Professional Conduct 5.5(a), formerly DR 3-101(A).
[6] (July 30, 1997), Columbiana App. No. 95 CO 67.
[7] (Slip op at pg. 5.) See also, State v. Harding (Aug. 19, 1993), Marion App. No. 9-93-8; and State v. Kielar (Apr. 19, 1996), Miami App. No. 95-CA-34.
[2] Disciplinary Counsel v. Coleman, 88 Ohio St.3d 155, 157,2000-Ohio-288, 724 N.E.2d 402, citing Land Title Abstract Trust Co. v.Dworken (1934), 129 Ohio St. 23, 193 N.E. 650, paragraph one of the syllabus.
[8] Mentor Lagoons, Inc. v. Rubin (1987), 31 Ohio St.3d 256, 260,510 N.E.2d 379.
[9] The Union Savings Association v. Home Owners Aid, Inc. (1970), 23 Ohio St.2d 60, 262 N.E.2d 558; Kruck v. Agile Equipment Distributors,Inc. (Mar. 8, 1996), Lake App. No. 95-L-109; and Smith v. MightyDistributing of S.W., Pa, Inc., Trumbull App. No. 2004-T-0056,2005-Ohio-1689.
[10] State v. Lechner, 72 Ohio St.3d 374, 1995-Ohio-25,650 N.E.2d 449; State v Franklin, 72 Ohio St.3d 372, 1995-Ohio-8, 650 N.E.2d 447;State v. Tywan Parker (Nov. 24, 1997), Cuyahoga App. No. 71260, reopening disallowed (June 22, 1998), Motion No. 91891; and State v.Michael Tierney, Cuyahoga App. No. 78847, 2002-Ohio-2607, reopening disallowed 2002-Ohio-6618, Motion No. 78847. *Page 1