[Cite as *Abdusamatova v. Abdulhakov*, 2024-Ohio-2533.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |  |
|---|---|---|---|
| DILNOZAKHON ABDUSAMATOVA, | : | | |
| Appellee, | : | | CASE NO. CA2023-12-115 |
| | : | | O P I N I O N |
| - vs - | | | 7/1/2024 |
| | : | | |
| BAHODIR ABDULHAKOV, | : | | |
| Appellant. | : | | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 23DR44239

Dilnozakhon Abdusamatova, pro se.

Bahodir Abdulhakov, pro se.

**S. POWELL, P.J.**

{¶ 1}   This appeal involves a motion to intervene and quash a subpoena filed in a divorce action.  The Warren County Court of Common Pleas, Domestic Division, denied the motion to quash after the person who filed the motion failed to appear at the scheduled hearing.

{¶ 2}   Appellant, Bahodir Abdulhakov ("Husband") and appellee, Dilnozakhon

Abdusamatova ("Wife"), are involved in divorce proceedings in Warren County. One of the major issues in the case is Husband's source and amount of income. Husband owned a business, and around the time of the divorce proceedings, sold 99 percent of the business to his mother ("Mother"). Husband claimed his income is limited to his one-percent ownership in the business, which he claimed had gross income of around $9000 the previous year.

{¶ 3} Wife issued a subpoena deuces tecum to Chase Bank for financial information on an account held in Mother's name with Husband listed as power of attorney. Mother filed a pro se motion to quash the subpoena and to intervene for the limited purpose of quashing the subpoena. In her motion, she argued that she is not a party to the case and Wife is trying to get access to her private financial information.

{¶ 4} A magistrate held a hearing on various discovery issues, including Mother's motion to intervene and quash the subpoena. Mother failed to appear at the hearing and the magistrate denied the motion based on Mother's failure to appear and present her case. Discussion of these issues at the hearing is brief, but Husband, who appeared pro se, requested the magistrate to consider a limited power of attorney Mother had granted to him so he could argue the motions on her behalf. The trial court indicated it would not do so, and Mother needed to be in court to pursue her motion to intervene. Husband filed objections to the magistrate's decision and the trial court overruled the objections.

{¶ 5} On appeal, Husband, again acting pro se, presents two assignments of error for our review. In his first assignment of error Husband argues the court erred in denying the motion to quash the subpoena. He contends the failure to do so violated Mother's rights against unreasonable search and seizure, the magistrate failed to consider the facts, and the lack of probable cause resulted in an unreasonable invasion of Mother's privacy. In his second assignment of error, Husband argues that the trial

- 2 -

court erred in denying the power of attorney he presented which resulted in a violation of Mother's privacy rights. We begin our discussion with Husband's second assignment of error.

{¶ 6}  Husband argues the court erred in failing to accept the power of attorney Mother granted to Husband to protect her interests at the hearing. However, despite Husband's arguments to the contrary, the law is clear and unequivocal that a power of attorney does not authorize a person to act as an attorney at law. *Disciplinary Counsel v. Coleman*, 2000-Ohio-288; *McLemore v. Clinton Cty. Sheriff's Office*, 2023-Ohio-1604, ¶ 30-39 (12th Dist.). Therefore, there is no error in the magistrate's refusal to consider the power of attorney when Husband requested the court to do so.

{¶ 7}  Ohio law recognizes that a person has an inherent right to proceed pro se in any court, but the right pertains only to that person. *State v. Block*, 2007-Ohio-1979, ¶ 4, (8th Dist.). When a person who is not an attorney attempts to represent another person in court on the basis of a power of attorney, he commits the unauthorized practice of law. *Coleman* at 157. Courts have the power to regulate the practice of law before it and judges have an ethical duty to prevent the unauthorized practice of law. *Block* at ¶ 6.

{¶ 8}  A party generally lacks standing to seek to quash a subpoena issued to a non-party unless the party claims a privilege or personal right with respect to the information sought. *Gangale v. Coyne*, 2022-Ohio-196, ¶ 20 (8th Dist.). Husband does not argue that he personally has any interest in the bank account. In fact, he argues the opposite—that it is Mother's account and he has no interest in it at all. His first assignment of error, and parts of his second assignment of error assert arguments on behalf of Mother as to why the subpoena should have been quashed, including Mother's Fourth Amendment rights, her sole ownership of the account, and unreasonable invasion of Mother's privacy. As such, Husband's representation of Mother's rights on appeal is

unauthorized practice of law.

{¶ 9} The prohibition against unauthorized practice of law prevents Husband from asserting his first assignment of error on appeal, along with the arguments in his second assignment of error regarding the denial of Mother's rights, as he is arguing the merits of the court's decision denying the motion to quash the subpoena, not on his own behalf and as a violation of his rights, but on Mother's behalf in violation of her rights. We therefore dismiss Husband's appeal.

{¶ 10} Appeal dismissed.

HENDRICKSON and PIPER, JJ., concur.