[This opinion has been published in *Ohio Official Reports* at 90 Ohio St.3d 458.]

TOLEDO BAR ASSOCIATION *v.* PALMER.

[Cite as *Toledo Bar Assn. v. Palmer*, 2000-Ohio-95.]

*Unauthorized practice of law—Individual not licensed to practice law in Ohio prepared and filed a complaint, a motion, and an answer on behalf of three separate clients, and explicitly represented himself as defendant's attorney in one instance in a motion he prepared and subsequently filed to withdraw as counsel—Engagement in the unauthorized practice of law enjoined.*

(No. 00-1140—Submitted August 22, 2000—Decided December 27, 2000.)

ON REPORT of the Board of Commissioners on the Unauthorized Practice of Law, No. UPL 99-2.

————————————

{¶ 1} On June 21, 1999, relator, Toledo Bar Association, filed a complaint charging respondent, Edward E. Palmer, with engaging in the unauthorized practice of law. Respondent failed to answer but filed a letter with the Board of Commissioners on the Unauthorized Practice of Law ("board") admitting the allegations set forth in the complaint. Pursuant to Gov.Bar R. VII(7)(C), the parties filed a stipulation of facts and waiver of notice and a formal hearing before the board.

{¶ 2} The board found that although respondent is not licensed to practice law in Ohio, he rendered legal services for clients on three separate occasions. In January 1998, respondent prepared and filed a complaint on behalf of Catherine O'Conner in the Common Pleas Court of Lucas County. In March 1998, respondent prepared and filed a motion in the same court, in which he represented himself as attorney for defendant David Davis. In the latter case, respondent subsequently filed a motion to withdraw as counsel. In December 1997, respondent

prepared and filed an answer to a complaint on behalf of Barbara and Mike Mitchell in the Municipal Court of Toledo, Lucas County.

{¶ 3} The board concluded that respondent's actions constituted the unauthorized practice of law, and recommended that he both be prohibited from engaging in such activity in the future and reimburse the board and relator for costs and expenses.

————————————

*Jonathan B. Cherry; Bugbee & Conkle* and *Gregory B. Denny*, for relator.

*Edward E. Palmer, pro se*.

————————————

***Per Curiam.***

{¶ 4} We adopt the findings, conclusion, and recommendation of the board. The unauthorized practice of law consists of "the rendering of legal services for another by any person not admitted to practice in Ohio * * *." Gov.Bar R. VII(2)(A). We have held that the practice of law "embraces the preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients before judges and courts." *Akron Bar Assn. v. Greene* (1997), 77 Ohio St.3d 279, 280, 673 N.E.2d 1307, 1308.

{¶ 5} Respondent prepared and filed a complaint, a motion, and an answer on behalf of three separate clients. In one instance, respondent explicitly represented himself as defendant's attorney in a motion that he prepared, and subsequently filed, to withdraw as counsel. In light of the fact that respondent is not a licensed attorney in Ohio, his actions clearly constitute the unauthorized practice of law. Respondent is hereby enjoined from further engaging in these or similar actions. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————