[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 18.]

CUYAHOGA COUNTY BAR ASSOCIATION *v.* SPURLOCK.

CUYAHOGA COUNTY BAR ASSOCIATION *v.* BERNASEK.

[Cite as *Cuyahoga Cty. Bar Assn. v. Spurlock*, 2002-Ohio-2580.]

*Unauthorized practice of law—Persons not licensed to practice law in Ohio filed*
*petitions for writs of habeas corpus for others in Ohio courts—Power of*
*attorney does not give person right to prepare and file pleadings in court*
*for another—"Person" in R.C. 2725.04, construed—"Next friend" status*
*analyzed—Engagement in the unauthorized practice of law is enjoined.*

(Nos. 2001-2142 and 2001-2143—Submitted February 27, 2002—Decided June
19, 2002.)

ON FINAL REPORT of the Board of Commissioners on the Unauthorized Practice
of Law, Nos. UPL007 and UPL006.

_____

**Per Curiam**.

{¶1} On November 15, 1999, respondent Lee J. Bernasek of Mayfield
Heights, Ohio, who is not an attorney, on the basis of a power of attorney from
Daria Degan, prepared and filed a petition for a writ of habeas corpus in the Court
of Appeals for Cuyahoga County. Bernasek signed the petition as "Next best friend
of Daria Degan" and named as defendants Cuyahoga County Sheriff Gerald T.
McFaul, Domestic Relations Judge Timothy Flanagan, and Domestic Relations
Judge Joseph Cirigliano.

{¶2} On November 18, 1999, respondent Mark Gordon Spurlock of
Grafton, Ohio, who is not an attorney, having received an affidavit from Daria
Degan designating him as her "attorney in fact for the purpose of filing petitions
for Writ of Habeas Corpus on my behalf" filed such a petition in the Ohio Supreme
Court. Spurlock signed the petition as "Next best friend of Daria Degan [and not

attorney]" and named as defendants Sheriff McFaul, Judge Flanagan, and Judge Cirigliano.

**{¶3}** On November 23, 1999, the court of appeals dismissed the petition filed by Bernasek. On December 22, 1999 we dismissed the petition filed by Spurlock in our court. *In re Dugan* [sic, *Degan*] (1999), 87 Ohio St.3d 1474, 721 N.E.2d 120.

**{¶4}** On August 30, 2000, relator, Cuyahoga County Bar Association, filed a complaint (No. UPL006) charging that Bernasek, by filing the "next friend" petition for a writ of habeas corpus for Degan, was engaging in the unauthorized practice of law. On September 1, 2000, relator filed a complaint (No. UPL007) charging that Spurlock, by filing a "next friend" petition for a writ of habeas corpus for Degan, engaged in the unauthorized practice of law. Both Bernasek and Spurlock filed answers in their respective cases, and the matter was submitted to the Board of Commissioners on the Unauthorized Practice of Law ("board").

**{¶5}** Based on evidence at a joint hearing on April 18, 2001, the board found the facts as stated and concluded that by filing the petition for writs of habeas corpus, respondents engaged in the unauthorized practice of law. The board recommended that they be permanently enjoined from such practices.

**{¶6}** On review we accept the facts as found by the board. Both respondents acknowledge that they were not attorneys admitted to the bar of Ohio and that they filed the petitions for writs of habeas corpus. The board concluded that such actions by persons not admitted to the bar constituted the unauthorized practice of law.

**{¶7}** We agree with the board that by their conduct in preparing pleadings, respondents engaged in the practice of law. In *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 1 O.O. 313, 193 N.E. 650, paragraph one of the syllabus, we held, "The practice of law is not limited to the conduct of cases in court. It embraces the preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on

behalf of clients before judges and courts.' " See, also, *Toledo Bar Assn. v. Palmer* (2000), 90 Ohio St.3d 458, 459, 739 N.E.2d 348.

**{¶8}** We then must determine whether their practice of law was unauthorized. R.C. 4705.01 provides: "No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which the person is not a party concerned, either by using or subscribing the person's own name, or the name of another person, unless the person has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules." Neither respondent was representing himself, and neither was admitted to the bar of this state.

**{¶9}** We reject Spurlock's argument that he was authorized to prepare a pleading on behalf of Degan because she gave him a power of attorney. We held in *Disciplinary Counsel v. Coleman* (2000), 88 Ohio St.3d 155, 724 N.E.2d 402, that a power of attorney does not give a person the right to prepare and file pleadings in court for another.

**{¶10}** Both respondents refer us to the language in R.C. 2725.04:

**{¶11}** "Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him" and argue that the word "person," not being limited to an attorney at law, allows them to file these petitions for writs on behalf of Degan. We agree that the term "person" in the statute is not limited to attorneys at law. But in interpreting the scope of that word in R.C. 2725.04, we have reviewed the analogous Section 2242, Title 28, U.S.Code, which reads: "Application for a writ of habeas corps shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."

**{¶12}** The United States Supreme Court, in *Whitmore v. Arkansas* (1990), 495 U.S. 149, 163-165, 110 S.Ct. 1717, 109 L.Ed.2d 135, interpreting the above statutory language, noted:

{¶13} " '[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another. Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for 'next friend' standing. First, a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest. The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

{¶14} "These limitations on the 'next friend' doctrine are driven by the recognition that '[i]t was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends.' *United States ex rel. Bryant v. Houston*, 273 F. 915, 916 (C.A.2, 1921). Indeed, if there were no restriction on 'next friend' standing in federal courts, the litigant asserting only a generalized interest in constitutional governance could circumvent the jurisdictional limits of Art. III simply by assuming the mantle of 'next friend.'

{¶15} "* * * [I]n keeping with the ancient tradition of the doctrine, we conclude that one necessary condition for 'next friend' standing in federal court is a showing by the proposed 'next friend' that the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." (Citations omitted in part.)

{¶16} In *Weber v. Garza* (C.A.5, 1978), 570 F.2d 511, 513-514, the court upheld the district court's refusal to allow Leona Weber, a third party, to file a petition for a writ of habeas corpus for persons in custody either as a "next friend" or as one holding a power of attorney for the persons in custody. The court found

that Leona Weber had not alleged facts that would qualify her as a "next friend" under Section 2242, Title 28, U.S.Code, and that by filing the petition she had engaged in the unauthorized practice of law.

**{¶17}** Here, as in *Weber v. Garza*, the requisite showing of the need for a next friend is absent. Here, as in *Weber v. Garza*, we find that by filing the petitions for writ of habeas corpus, respondents were engaging in the unauthorized practice of law. Respondents are hereby enjoined from further engaging in such practices. Costs are taxed to respondents.

Judgment accordingly.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

Lester S. Potash, for relator.

Lee J. Bernasek, pro se, in case No. 2001-2143.

Mark Gordon Spurlock, pro se, in case No. 2001-2142.

_____