OPINION
{¶ 1} William Novak ("Novak") has filed a petition for writ of habeas corpus on behalf of Michael P. McKay ("McKay"). For the reasons set forth below, we sua sponte dismiss the petition, without prejudice to re-filing, for failure to comply with the requirements of R.C. 2725.04.
 {¶ 2} Novak, designating himself "petitioner," signed the instant petition on behalf of McKay. The petition designates McKay as the "subject person." Attached to the petition is an affidavit executed by McKay, in which he purports to "elect and appoint William Novak to act on [his] behalf in this action ***." McKay executed a second affidavit setting forth reasons why he is unable to prepare a petition on his own behalf and designating Novak as the person entitled to his custody pursuant to R.C. 2725.01.
 {¶ 3} R.C. 2725.04 provides in relevant part: "Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him ***." While the Supreme Court of Ohio has held that the term "person" in this statute is not limited to attorneys at law, Cuyahoga Cty. Bar Assn.v. Spurlock (2002), 96 Ohio St.3d 18, at ¶ 11, there are limits on who may file a petition for writ of habeas corpus on behalf of another.Id.
 {¶ 4} In Spurlock, the Supreme Court of Ohio stated:
 {¶ 5} "Next friend standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another. Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for `next friend' standing. First, a `next friend' must provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear in his own behalf to prosecute the action. Second, the `next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a `next friend' must have some significant relationship with the real party in interest. The burden is on the `next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.
 {¶ 6} "***.
 {¶ 7} "In keeping with the ancient tradition of the doctrine, we conclude that one necessary condition of `next friend' standing in federal court is a showing by the proposed `next friend' that the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." Id., quoting Whitmore v. Arkansas (1990), 495 U.S. 149, 163-65.
 {¶ 8} In the instant case, Novak has failed to set forth facts to clearly establish the propriety of his status, i.e., that McKay is unable to litigate his own cause due to "mental incapacity, lack of access to court, or other similar disability." Id.
 {¶ 9} Novak lacks standing to pursue the instant petition and, therefore, the petition is hereby dismissed without prejudice to re-filing if the mandates of R.C. 2725.04 are complied with.
JUDITH A. CHRISTLEY and CYNTHIA WESTCOTT RICE, JJ., concur.
DIANE V. GRENDELL, J., dissents.