NOVAK et al.

v.

GANSHEIMER, Warden, Lake Erie Correctional Institution, et al.

[Cite as *Novak v. Gansheimer,* 155 Ohio App.3d 268, 2003-Ohio-5981.]

Court of Appeals of Ohio,
Eleventh District, Ashtabula County.

No. 2003–A–0026.

Decided Nov. 7, 2003.

William Novak, pro se, and Kenneth S. Mensi, pro se.

Richard Gansheimer, Warden, pro se, and Reginald Wilkinson, pro se, Director of Ohio Department of Rehabilitation and Corrections.

Per Curiam.

{¶ 1} This case is a habeas corpus action in which Kenneth S. Mensi, petitioner, is seeking his immediate release from the Lake Erie Correctional Institution. The basis for Mensi's present incarceration is a November 2000 criminal conviction in the Portage County Court of Common Pleas. In that underlying proceeding, Mensi entered a plea of guilty to one count of aggravated possession of drugs and was ultimately sentenced to an aggregate term of 11 years in prison. As the grounds for the instant case, Mensi asserts in his habeas corpus petition that his conviction should be found void because the trial court committed multiple errors that deprived it of jurisdiction.

{¶ 2} Our review of Mensi's petition readily indicates that it was not submitted in his behalf by a licensed attorney of this state. Instead, the petition was filed for him by William Novak, a layman who is also an inmate at the Lake Erie Correctional Institution. In fact, the caption of the petition refers to Novak as a second petitioner in the action. In an affidavit attached to the petition, Mensi expressly avers that, as a result of his lack of knowledge of the legal process, he has appointed Novak to represent him in this case.

{¶ 3} R.C. 2725.04 provides that a habeas corpus petition must be both signed and verified "either by the party for whose relief it is intended, or by some person for him * * *." In interpreting the "some person" provision of this statute, the Supreme Court of Ohio has stated that an individual is not required to be a licensed attorney in order to file a habeas corpus petition in behalf of an inmate. *Cuyahoga Cty. Bar Assn. v. Spurlock*, 96 Ohio St.3d 18, 2002-Ohio-2580, 770 N.E.2d 568. However, before the "some person" provision can be applied, it must be established: (1) there exists an adequate reason, such as inaccessibility to the court system, mental incompetence, or other disability, why the inmate cannot file the case himself; and (2) there exists between the inmate and his "friend" a significant relationship that will cause the "friend" to adequately protect the inmate's interests. Id.

{¶ 4} In the instant case, neither Novak nor Mensi has asserted in the petition that Mensi is mentally incompetent or is otherwise disabled. Instead, Mensi states in his accompanying affidavit only that he wants Novak to represent him because the legal research materials at their institution are extremely limited. In essence, Mensi contends that the limited materials and his own lack of knowledge would make it too difficult for him to represent himself.

{¶ 5} As to this point, this court would note that, despite the fact that Novak is a prisoner at the same institution as Mensi, Novak was still able to write a 70–page petition and obtain documents pertaining to Mensi's criminal case. As a result, it cannot be said that the limited resources deny the inmates at the institution access to our state courts. Simply stated, if Novak can file habeas corpus petitions, there is no reason why Mensi cannot do the same. Furthermore, Novak and Mensi have not made any statements showing that they have a "significant" relationship, as required under *Spurlock.*

{¶ 6} In light of the limited nature of the averments in Mensi's affidavit, this court concludes that there has been no showing that he would be denied access to this state's court system unless he is represented by Novak. Accordingly, it follows that Novak, as a layman, does not have the necessary status to maintain this case on behalf of Mensi. Under these circumstances, the dismissal of the habeas corpus petition is warranted, with the caveat that Mensi can refile the petition so long as he does so in accordance with R.C. 2725.04. See *Novak v. Gansheimer,* 11th Dist. No. 2003–A–0034, 2003-Ohio-2839, 2003 WL 21267812.

{¶ 7} Pursuant to the foregoing discussion, it is the order of this court that the instant petition in habeas corpus be sua sponte dismissed without prejudice.

Cause dismissed.

Judith A. Christley, William M. O'Neill and Cynthia Westcott Rice, JJ., concur.