[Cite as *KeyBank Natl. Assn. v. Sarameh*, **2013-Ohio-2576.**]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

KEYBANK NATIONAL ASSOCIATION       :

      Plaintiff-Appellee       :       C.A. CASE NO.   25411

v.       :       T.C. NO.   12CV2923

EID Y. SARAMEH       :       (Civil appeal from
                                             Common Pleas Court)

      Defendant-Appellant       :

                                                    :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    21st    day of     June    , 2013.

. . . . . . . . . .

THOMAS J. KELLEY, Atty. Reg. No. 0024805 and STEVEN B. WINTERS, Atty. Reg. No. 0066037, 300 Madison Avenue, Suite 1100, Toledo, Ohio 43604
      Attorneys for Plaintiff-Appellee

GEORGE A. KATCHMER, Atty. Reg. No. 0005031, 1886 Brock Road N.E., Bloomingburg, Ohio 43106
      Attorneys for Defendant-Appellant

DOUGLAS TROUT, Atty. Reg. No. 0072027, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Defendant-Appellee

. . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the Notice of Appeal of Eid Y. Sarameh, filed October 11, 2012. Sarameh appeals from the trial court's September 15, 2012 "Order for Judgment and Foreclosure and Order of Sale" in favor of KeyBank National Association ("KeyBank"). We hereby affirm the judgment of the trial court.

{¶ 2} KeyBank filed its complaint in foreclosure on April 23, 2012, against Sarameh; Noah Gula; Jane Doe, unknown spouse of Noah Gula; and Carolyn Rice, Treasurer, alleging that Sarameh executed and delivered to KeyBank a Key Options Agreement in the amount of $50,000.00, and that Sarameh is in default thereon, such that $31,197.49 is due and owing, plus interest, late charges and advances from October 13, 2011. KeyBank asserted that the agreement is secured by a mortgage on real property located at 27 Potomac Street, and that KeyBank is entitled to have the mortgage foreclosed. Attached to the complaint is the Key Equity Options Agreement, signed by Sarameh on April 6, 2004; the mortgage for the Potomac Street property, also executed on April 6, 2004 by Sarameh and recorded on April 19, 2004; and a preliminary judicial report.

{¶ 3} After numerous attempts at service of process upon Sarameh, Gula, and Jane Doe, KeyBank filed an "Affidavit for Service by Publication" on May 31, 2012, and the court granted the motion on June 10, 2012. On June 15, 2012, an "Answer and Request for Mediation" was filed, in which Sarameh's name is hand-printed in a blank space, and which provides in part as follows: "Now come(s) the Defendant(s), <u>Eid Y. Sarameh</u>, *pro se*, and in response to Answer to the Complaint filed by Plaintiff * * * ." In the signature block on both the Answer and the certificate of service appears the hand-printed name of Eid Y. Sarameh, along with the hand-printed name and signature of Ismail Gula, beside which is the designation "P.o.A."

{¶ 4} On June 15, 2012, KeyBank filed a "Motion to Strike Answer and Request for Mediation," in which it asserted that "Ismail Gula filed said pleading purportedly as power of attorney for [Sarameh]. Ismail Gula is not a licensed attorney and the appearance and filing of the pleading constitutes the unauthorized practice of law. Ismail Gula has no authority to file a pleading in this court."

{¶ 5} On August 9, 2012, the trial court sustained KeyBank's motion to strike, concluding that Sarameh's answer "was filed on behalf of [Sarameh] by Ismail Gula, who is not a licensed attorney and, therefore, unauthorized to file[] pleadings on behalf of [Sarameh]."

{¶ 6} On August 13, 2012, KeyBank filed a Motion for Default Judgment, as well as a final judicial report. On August 28, 2012, the trial court issued a "File Notice of Returned Mail," which provides that the court's entry sustaining KeyBank's motion to strike, which was mailed to Sarameh, was returned to the court "Not Deliverable as Addressed" on August 23, 2012.

{¶ 7} In granting default judgment in favor of KeyBank, the trial court noted that Defendants "have been duly served with a copy of Plaintiff's Complaint and Summons according to law, * * * and that said Defendants have not answered Plaintiff's Complaint within twenty-eight (28) days after having been served with a copy of the Complaint and Summons." The court found that Sarameh executed and delivered to KeyBank a KeyBank Equity Options Agreement in the amount of $50,000.00, that Sarameh is in default, with $31,197.49 due plus interest and costs, that the agreement is secured by the mortgage filed for record on April 19, 2004, and that KeyBank is entitled to have the mortgage foreclosed and the property sold.

{¶ 8} Sarameh asserts one assignment of error herein as follows:

"A DEFAULT JUDGMENT CAN ONLY BE ENTERED UNDER CIV.R. 55 WHEN A DEFENDANT FAILS TO ANSWER OR OTHERWISE DEFEND."

{¶ 9} Regarding KeyBank's assertion that Gula engaged in the unauthorized practice of law, Sarameh argues, "even if true, [that] does not negate the fact that an Answer was filed. Thus, at a minimum, Appellant did 'otherwise defend' this action." Sarameh asserts that the "term 'otherwise defend' is not defined in Civ.R.55." Finally, he asserts as follows:

The Court's rationale that Gula was unauthorized to file pleadings offers no authority for its position. Neither does the Appellee's Motion. Neither address the issue of Gula acting under a power of attorney. Gula acted under a power of attorney for the Appellant. He, therefore, could conceivably do any action the Appellant could do. Therefore, since the Appellant could file an answer pro se, logically, Gula, as power of attorney for the Appellant could also file a pro se answer. Thus, entering a default judgment under these circumstances violates Civ.R. 55 since, at a minimum, the Appellant had "otherwise defended" this action.

{¶ 10} KeyBank responds that the trial court properly struck the Answer and Request for Mediation, since Gula acted under a power of attorney and is not licensed to practice law, and that in the absence of an Answer, the trial court properly awarded default judgment to KeyBank. Finally, KeyBank asserts that Sarameh did not "appear" in this matter as contemplated by Civ.R. 55.

{¶ 11} Civ. R. 55 provides as follows:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; * * * If the party against whom judgment by default is sought has appeared in the action, he (or if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. * * *.

As this Court has noted, "'The purpose of Civ.R. 55(A) is to prevent a defendant from employing inaction or delay as a litigation strategy in order to avoid or defeat a plaintiff's claim for relief.' * * * ." *Gary R. Gorby & Associates v. McCarty*, 2d Dist. Clark No. 2010 CA 71, 2011-Ohio-1983, ¶ 33. As this Court further noted in *McCarty*, " 'A party appears in an action for purposes of Civ.R. 55(A) when that party "clearly expresses to the opposing party an intention and purpose to defend the suit, regardless of whether a formal filing is made." *Miamisburg Motel v. Huntington National Bank* (1993), 88 Ohio App.3d 117, 126, 623 N.E.2d 163, * * *.' " *Id*., ¶ 34.

{¶ 12} R.C. 4705.01 provides:

No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which the person is not a party concerned, either by using or subscribing the person's own name, or the name of another person, unless the person has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules.

{¶ 13}    In considering R.C. 4705.01, the Supreme Court of Ohio noted, "'a power of attorney does not give a person the right to prepare and file pleadings in court for another.' *Cuyahoga Cty. Bar Assn. v. Spurlock*, 96 Ohio St.3d 18, 2002-Ohio-2580, 770 N.E.2d 568, at ¶ 9." *Disciplinary Counsel v. Brown*, 121 Ohio St. 3d 423, 425, 2009-Ohio-1152, 905 N.E.2d 163, 166, ¶ 11.   Further, the Supreme Court of Ohio "has previously held that '[w]hen a person not admitted to the bar attempts to represent another in court on the basis of a power of attorney assigning pro se rights, he is in violation of [R.C. 4705.01]. A private contract cannot be used to circumvent a statutory prohibition based on public policy.' *Disciplinary Counsel v. Coleman* (2000), 88 Ohio St.3d 155, 158, 724 N.E.2d 402."   *Brown, id.*

{¶ 14}    As KeyBank asserts, pursuant to R.C. 4705.01, Gula could not file an answer on Sarameh's behalf on the basis of a power of attorney assigning Sarameh's pro se rights.   We further note that while Sarameh's name is printed on the "Answer and Request for Mediation," Sarameh himself did not sign the document, and we cannot conclude that he appeared or otherwise defended.   *See* Civ.R. 11 (" A party who is not represented by an attorney shall sign the pleading, motion, or other document * * *.")   As the trial court determined, in the absence of any appearance or defense by Sarameh, KeyBank was entitled to default judgment.

{¶ 15}    There being no merit to Sarameh's sole assigned error, it is overruled. The judgment of the trial court is affirmed.

. . . . . . . . . .

[Cite as *KeyBank Natl. Assn. v. Sarameh*, 2013-Ohio-2576.]
FROELICH, J. and DONOFRIO, J.,

(Hon. Gene Donofrio, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Thomas J. Kelley
Steven B. Winters
George A. Katchmer
Douglas Trout
Hon. Barbara P. Gorman