[Cite as *State v. Johnson*, 2022-Ohio-4334.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2022-T-0039 |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| FREDERICK D. JOHNSON, | Trial Court No. 2010 CR 00061 |
| Defendant-Appellant. | |

# O P I N I O N

Decided: December 5, 2022
Judgment: Affirmed

*Dennis Watkins,* Trumbull County Prosecutor, and *Ryan J. Sanders,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Frederick D. Johnson,* pro se, PID# A602-989, Lake Erie Correctional Institution, 501 Thompson Road, P.O. Box 8000, Conneaut, OH 44030 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Frederick D. Johnson, appeals the April 18, 2022 Judgment of the Trumbull County Court of Common Pleas dismissing his December 27, 2021 Application for Post-Conviction Relief. For the reasons set forth herein, the judgment is affirmed.

{¶2} In 2010, a five-count indictment was filed charging appellant with possession of cocaine with firearm and forfeiture specifications; possession of heroin with firearm, forfeiture, and major drug offender specifications; tampering with evidence; having weapons while under disability; and failure to comply with the order or signal of a

police officer. The matter proceeded to trial. Appellant was convicted on all counts and ordered to serve 32 years in prison. Appellant filed a direct appeal, challenging the overruled motion to suppress certain statements made both before and after Miranda warnings were given to appellant. This court affirmed the lower court's judgment in *State v. Johnson*, 11th Dist. Trumbull No. 2011-T-0075, 2012-Ohio-3035 ("*Johnson I*").

{¶3} In September 2012, appellant filed a pro se Petition to have his conviction vacated in the lower court; the trial court denied the petition. Appellant filed an untimely appeal to this court and, eventually, a Motion for Leave to Appeal. This court denied the motion and dismissed his appeal. Appellant appealed to the Supreme Court of Ohio, which declined jurisdiction.

{¶4} In August 2013, appellant filed a pro se Motion for Relief from Judgment Pursuant to Civ.R. 60(B)(5). The trial court denied his motion.

{¶5} In August 2015, appellant filed a pro se Application for Delayed Reconsideration of *Johnson I* in this court alleging ineffective assistance of counsel. This court denied the application as it was untimely by over three years.

{¶6} In October 2017, appellant filed a Motion for Court to Vacate Void Verdicts, Sentence, Judgment, and Conviction due to the Fact Court Lacked Jurisdiction to Proceed Where Record Establishes No Indictment by Grand Jury was Filed. The trial court denied this motion; appellant did not appeal.

{¶7} In December 2021, appellant filed an Application for Post-Conviction Relief with the trial court. In January 2022, he filed a Motion to Amend Application for Post-Conviction Relief to Add into the Record Evidence to Support Each Claim. In February 2022, he filed a Motion to Require a Prompt Response from the State. The state filed a Motion to Dismiss in March 2022, which appellant opposed. The trial court dismissed

2

appellant's motion in April 2022, finding it was untimely by 3,352 days and that appellant failed to assert that he was unavoidably prevented from discovery of the facts he relied upon for his claims within his petition. The court also found that even if the petition had been timely filed, the arguments were barred by the doctrine of res judicata. It is from this decision that appellant now appeals.

{¶8} Appellant's sole assignment of error states:

{¶9} Petitioner Johnson argues that the lower court abused its discretion by failing to render a Merits Ruling in regard to Johnson's four meritorious claims of ineffective assistance of counsel raised within his Section 2953.21, Application for Postconviction Relief, this, this Appellant Court should VACATE and REMAND with specific instructions in the matter herein. (Sic throughout.)

{¶10} "'[I]n a postconviction case involving a claim of ineffective assistance of trial counsel[,] "[a]bsent a showing of abuse of discretion, a reviewing court will not overrule the trial court's finding on a petition for post-conviction relief which is supported by competent and credible evidence." (Citation omitted.)'" *State v. Knapp,* 11th Dist. Ashtabula No. 2012-A-00355, 2013-Ohio-870, ¶30, quoting *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, ¶50. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Hobbs*, 11th Dist. Lake No. 2010-L-139, 2011-Ohio-5106, ¶14, quoting *Gondor, supra*.

{¶11} Under his assignment of error, appellant argues that R.C. 2953.21 was enacted on July 14, 2021, and thus his petition for postconviction relief was not untimely as it was filed within one year of the newly enacted statute. However, appellant's assertion that R.C. 2953.21 was enacted on July 14, 2021, is inaccurate. R.C. 2953.21 was recently amended, and the changes took effect April 12, 2021. The amendments, however, did not create any new recourse for appellant. R.C. 2953.21 was amended to

3

add, among other amendments not applicable here, that "any person who has been convicted of a criminal offense *and sentenced to death*" and who claims a denial or infringement of that person's rights under the Constitution could petition the court that imposed the sentence to vacate the judgment or sentence. Appellant was not sentenced to death; thus, the amendments do not apply to him. Though R.C. 2953.21 has undergone many amendments since appellant was convicted, a review of the legislative history shows that appellant's right to petition the court to vacate his sentence under R.C. 2953.21 was effective long before appellant was convicted.

{¶12} Thus, his claims that he is entitled to file his petition now on the grounds of a newly enacted or amended statute are without merit.

{¶13} Pursuant to R.C. 2953.21(A)(2)(b), a defendant's filing for post-conviction relief under division (A)(1)(a)(i), (ii), or (iii) must be filed within 365 days "after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, * * * [i]f no appeal is taken, * * * the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal." *Id.* R.C. 2953.23 provide an exception by which a defendant may file for post-conviction relief after the 365-day time period or file successive petitions for relief if both of the following apply:

{¶14} (a) * * * the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief * * *.

{¶15} (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.

4

Case No. 2022-T-0039

{¶16} Appellant does not argue that he was unavoidably prevented from discovering the facts which he asserts in his petition. Moreover, his petition and affidavit cite only facts in the record, which was before this court on direct appeal in *Johnson I*. And as discussed above, the 2021 amendments to R.C. 2953.21 do not provide him an extension of time to file his petition. Accordingly, appellant cannot meet the first prong of the R.C. 2953.23 exception to the time limit to file; as such, we need not address the second.

{¶17} Thus, appellant's claim that he was entitled to bring his claim for postconviction relief after the 365-day period prescribed by R.C. 2953.21(A)(2)(b) is without merit.

{¶18} Appellant further asserts that he is not barred by the doctrine of res judicata from bringing his claims for ineffective assistance of counsel. However, it is well established that the doctrine of res judicata applies in determining whether postconviction relief should be given under R.C. 2953.21 et seq. *Knapp, supra,* at ¶33, quoting *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph eight of the syllabus. Moreover, "'[w]here [a] defendant, represented by new counsel upon direct appeal, fails to raise therein the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence *dehors* the record, *res judicata* is a proper basis for dismissing defendant's petition for postconviction relief.'" *Knapp, supra,* quoting *State v. Cole*, 2 Ohio St.3d 112, 2006-Ohio-6679, at paragraph one of the syllabus.

{¶19} "To avoid dismissal of a postconviction petition on res judicata grounds, appellant must present competent, relevant, and material evidence outside of the trial court's record in support of his claim." *State v. Lacy*, 11th Dist. Ashtabula No. 2019-A-0058, 2020-Ohio-1556, ¶26. Appellant's affidavit does not present any new information

5

dehors the record, nor does he make any argument that these claims could not have been brought on direct appeal.

{¶20} Instead, in support of his argument that he has new grounds for filing his petition, he argues that he has obtained a "next friend," that precludes the application of the doctrine of res judicata. It is unclear what appellant means by this as he has filed this petition pro se, not through a next friend. Moreover, cases in Ohio that are brought by a next friend have been limited to cases in which the party being represented by a next friend has been found mentally incompetent or otherwise unable to appear on his or her own behalf. *See, e.g., Cuyahoga Cty. Bar Assn. v. Spurlock*, 96 Ohio St.3d 18, 2002-Ohio-2580, ¶13. *See also* NEXT FRIEND, Black's Law Dictionary (11th ed. 2019) (Defining "next friend" as "[s]omeone who appears in a lawsuit to act for the benefit of an incompetent or minor plaintiff, but who is not a party to the lawsuit and is not appointed as a guardian.") Appellant has not sought leave to file through a next friend, nor does he argue he is not mentally competent to appear on his own behalf. Thus, his argument is without merit.

{¶21} After careful consideration of the record before us, we find the trial court did not abuse its discretion in finding appellant's petition was untimely filed and barred by the doctrine of res judicata.

{¶22} In light of the foregoing, the judgment of the Trumbull County Court of Common Pleas is affirmed.


JOHN J. EKLUND, P.J.,

MATT LYNCH, J.,

concur.

6

Case No. 2022-T-0039