[Cite as *Sonnenberg Mut. Ins. Co. v. Shelton*, 2024-Ohio-5952.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

SONNENBERG MUTUAL INSURANCE
COMPANY

     Appellee

v.

VALECIA SHELTON

     Appellant

:
:
:
:
:
:
:
:
:
:
:

C.A. No. 30186

Trial Court Case No. 2024 CV 01078

(Civil Appeal from Common Pleas
Court)

. . . . . . . . . . .

O P I N I O N

Rendered on December 20, 2024

. . . . . . . . . . .

VALECIA SHELTON, Pro Se Appellant

AMANDA D. MARTANOVIC, Attorney for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Defendant-Appellant Valecia Shelton appeals from the trial court's judgment granting default judgment against her in favor of Plaintiff-Appellee Sonnenberg Mutual Insurance Company ("Sonnenberg"). Shelton contends that the trial court abused its discretion in striking the pleading and motions filed by Shelton's nonlawyer fiancé on her

behalf and in granting default judgment in favor of Sonnenberg after Shelton failed to appear or otherwise defend. For the reasons outlined below, we disagree with Shelton and affirm the judgment of the trial court.

## I.     Background Facts and Procedural History

**{¶ 2}** This matter arose from a motor vehicle collision between Kiara Deweaver and Shelton. On March 4, 2022, while operating her vehicle near the intersection of Needmore Road and Dixie Drive, Shelton collided with Deweaver, who was also driving in the intersection, causing damage to Deweaver's vehicle.

**{¶ 3}** At the time of the collision, Deweaver was insured by Sonnenberg. The estimate for repairs to Deweaver's vehicle totaled $18,325.14, and Sonnenberg ultimately paid $17,825.14 to Deweaver (less Deweaver's $500 deductible); thus, it became subrogated to the extent of the payment. On February 22, 2024, Sonnenberg filed its complaint against Shelton, seeking reimbursement in the amount of $17,825.14 pursuant to its subrogation claim. On April 1, 2024, service of the complaint was perfected on Shelton.

**{¶ 4}** On April 22, 2024, Robert McComb, a nonlawyer and Shelton's fiancé, filed an "application for appointment as 'next friend' " under "Fed. R. Civ. P. 17" and a motion to intervene under Civ.R. 24, seeking to be appointed to represent Shelton in this matter. McComb also filed an answer and a motion to dismiss on Shelton's behalf, arguing expiration of the statute of limitations and lack of personal and subject matter jurisdiction. Each filing was signed by McComb in a signature block indicating that he was filing "on behalf of" Shelton.

{¶ 5} On May 6, 2024, Sonnenberg moved to strike McComb's application for appointment as "next friend," motion to intervene, answer, and motion to dismiss. Sonnenberg argued that McComb had failed to present any argument as to why he should be appointed as "next friend" or allowed to intervene. Sonnenberg also argued that McComb was a non-party to the action and was engaging in the unauthorized practice of law, as he was not a licensed attorney or otherwise authorized to practice law in the State of Ohio; thus, he should not be filing pleadings and motions on Shelton's behalf. Sonnenberg further asserted that the statute of limitations had not expired and that the court had both personal and subject matter jurisdiction over Shelton. On May 22, 2024. the trial court granted Sonnenberg's motions to strike without further explanation, striking the application for appointment as "next friend," motion to intervene, answer, and motion to dismiss filed by McComb.

{¶ 6} Shelton never properly filed an answer on her own behalf or otherwise pled. On May 24, 2024, Sonnenberg filed a motion for default judgment under Civ.R. 55, and the trial court entered default judgment against Shelton on May 29, 2024, in the amount of $17,825.14, plus interest and costs. Shelton now appeals.

## II.     Assignments of Error

{¶ 7} On appeal, Shelton asserts four assignments of error that are difficult to discern, but we will consider each in the order that facilitates our discussion.

{¶ 8} Shelton's second and third assignments of error pertain to the trial court's order striking the motions filed by McComb, namely the application for appointment as "next friend," motion to intervene, and motion to dismiss. We will consider these

assignments of error together.

{¶ 9} In her second assignment of error, Shelton asserts that the trial court erred in striking the motion to dismiss filed by McComb because Sonnenberg filed this action outside of the statute of limitations. In her third assignment of error, Shelton contends generally that the trial court erred in striking the application for appointment as "next friend" and motion to intervene filed by McComb on her behalf. We disagree.

{¶ 10} A motion to strike may be "made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within twenty-eight days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient claim or defense or any redundant, immaterial, impertinent, or scandalous matter." Civ.R. 12(F). We review a trial court's ruling on a motion to strike for an abuse of discretion. *Riverside Drive Ents., LLC v. Geotechnology, Inc.*, 2023-Ohio-583, ¶ 11 (1st Dist.), citing *Beattie v. McCoy*, 2018-Ohio-2535, ¶ 25 (1st Dist.), citing *Siegel v. LifeCenter Organ Donor Network*, 2011-Ohio-6031, ¶ 43 (1st Dist.); *see O'Brien v. Angley*, 63 Ohio St.2d 159, 163 (1980). "'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990), citing *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87 (1985).

{¶ 11} First, we observe that the statute of limitations in this action had not expired. Under R.C. 2305.10(A), an action for damaging personal property shall be brought within two years after the cause of action accrues, which is when the loss to the property occurs.

In the context of an automobile collision, an injured party must file a claim against the responsible party within two years of the accident, and the two-year period begins on the date of the collision. Here, it is undisputed that the collision occurred on March 4, 2022, and Sonnenberg filed its complaint on February 22, 2024, which was within two-years of the collision. Thus, there is no merit to Shelton's argument that this action was filed outside of the statute of limitations.

{¶ 12} Next, Sonnenberg moved in the trial court to strike the application for appointment as "next friend," motion to intervene, and motion to dismiss filed by McComb on behalf of Shelton, arguing that McComb's filings not only failed to set forth any supporting evidence or legal rationale for his requests but also constituted the unauthorized practice of law. In finding Sonnenberg's motions to strike to be well-taken, the trial court deemed McComb's motions stricken from the record without further explanation.

{¶ 13} R.C. 4705.01 pertains to prohibited acts in the practice of law (e.g., the authorized practice of law) and provides:

> No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which the person is not a party concerned, either by using or subscribing the person's own name, or the name of another person, unless the person has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules . . .

{¶ 14} "Judges have the ethical duty to prevent the unauthorized practice of law."

*State v. Block*, 2007-Ohio-1979, ¶ 6 (8th Dist.), citing Prof.Cond.R. 5.5(a), formerly Disciplinary Rule 3-101(A). Moreover, a trial court has "the inherent power to regulate the practice of law before it . . ." and is encouraged to "halt unprofessional conduct." (Citation omitted.) *Id.* To that end, a court may strike a filing by a nonlawyer. (Citations omitted.) *Id.*

{¶ 15} McComb sought to be appointed as "next friend" on behalf of Shelton under Civ.R. 17(B), which provides:

Whenever a minor or incompetent person has a representative, such as a guardian or other like fiduciary, the representative may sue or defend on behalf of the minor or incompetent person. If a minor or incompetent person does not have a duly appointed representative the minor may sue by a next friend or defend by a guardian ad litem. When a minor or incompetent person is not otherwise represented in an action the court shall appoint a guardian ad litem or shall make such other order as it deems proper for the protection of such minor or incompetent person.

{¶ 16} A "next friend" is "[s]omeone who appears in a lawsuit to act for the benefit of an incompetent or minor plaintiff, but who is not a party to the lawsuit and is not appointed as a guardian." *State v. Johnson*, 2022-Ohio-4334, ¶ 20 (11th Dist.), citing *Black's Law Dictionary* (11th ed. 2019). In Ohio, cases brought by a next friend "have been limited to cases in which the party being represented by a next friend has been found mentally incompetent or otherwise unable to appear on his or her own behalf." *Id.*, citing, *e.g., Cuyahoga Cty. Bar Assn. v. Spurlock*, 2002-Ohio-2580, ¶ 13. In *Spurlock*, two

nonlawyers prepared and filed pleadings for an application for a writ of habeas corpus as "next friends" of the applicant. Quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-165 (1990), the Supreme Court of Ohio explained that "next friend" standing is not granted automatically to whomever seeks it and requires "an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action and a showing that the 'next friend' is 'truly dedicated to the best interests of the person on whose behalf he seeks to litigate' and has 'some significant relationship with the real party in interest.' " *Spurlock* at ¶ 13. The Court held that the nonlawyers in *Spurlock*, who did not have "next friend" standing, had engaged in the unauthorized practice of law by preparing and filing pleadings as "next friend" of the applicant.

{¶ 17} Additionally, McComb sought to intervene in this matter under Civ.R. 24; he did not specify under which provision he sought to intervene or the grounds for his request but generally expressed his desire "to act permissively on behalf of" Shelton. Civ.R. 24(B) allows for permissive intervention, providing:

Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or

executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

{¶ 18} McComb sought appointment as Shelton's "next friend" and permissive intervention because Shelton had been unable to obtain and afford counsel and lacked the ability to defend. However, there was no assertion by McComb in the trial court or by Shelton on appeal that Shelton had been found mentally incompetent or was otherwise unable to appear on her own behalf. McComb also requested to intervene but never cited a statute conferring a conditional right to intervene or asserted that Shelton's defense and the main action had a question of law or fact in common. In other words, there were no grounds alleged for the trial court to consider McComb's requests.

{¶ 19} Moreover, McComb's actions in filing pleadings and motions as a nonlawyer on behalf of Shelton were prohibited under R.C. 4705.01. McComb was not permitted under the law to practice as an attorney and counselor at law or to defend any action or proceeding in which he was not a party concerned, either by using or subscribing his own name or Shelton's name, because he had not been admitted to the bar. Because McComb engaged in the unauthorized practice of law by attempting to represent Shelton, the trial court had an ethical duty to prevent McComb's actions by striking his filings. Thus, we cannot say that the trial court abused its discretion in striking the application for appointment as "next friend," the motion to intervene, and the motion to dismiss filed by McComb on Shelton's behalf.

{¶ 20} Shelton's second and third assignments of error are overruled.

{¶ 21} Shelton's first and fourth assignments of error appear to pertain to the trial court's order granting default judgment in favor of Sonnenberg. We will also consider these assignments of error together.

{¶ 22} In her first assignment of error, Shelton seems to assert that the trial court erred in granting default judgment against her because she did not receive proper notice of the court orders regarding McComb's motion to dismiss, in violation of Civ.R. 5(A), which sets forth the requirements for service and filing of pleadings. In her fourth assignment of error, Shelton again argues that the trial court erred in granting default judgment by failing to provide proper notice of its orders, because Shelton's address was incorrect on certain entries. We disagree.

{¶ 23} "A default judgment is a judgment entered against a defendant who has failed to timely plead in response to an affirmative pleading." *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 121 (1986), citing *McCabe v. Tom*, 35 Ohio App. 73 (6th Dist. 1929). The proper procedure for holding a party in default is set forth in Civ.R. 55(A), which provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; but no judgment by default shall be entered against a minor or an incompetent person unless represented in the action by a guardian or other such representative who has appeared therein. If the party against whom

judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.

**{¶ 24}** In consideration of a motion for default judgment, and if warranted, the court may enter judgment against the party who failed to plead. "'The purpose of Civ.R. 55(A) is to prevent a defendant from employing inaction or delay as a litigation strategy in order to avoid or defeat a plaintiff's claim for relief.' . . . ." *KeyBank Natl. Assn. v. Sarameh*, 2013-Ohio-2576, ¶ 11, quoting *Gary R. Gorby & Assocs. v. McCarty*, 2011-Ohio-1983, ¶ 33 (2d Dist.). "If the defending party has failed to appear in the action, a default judgment may be entered without notice." *Ohio Valley Radiology Assocs.* at 120. "A trial court's decision to grant or deny a motion for default judgment is reviewed for an abuse of discretion." *Reid v. Williams*, 2024-Ohio-3332, ¶ 11 (2d Dist.), citing *Lacy v. State*, 2020-Ohio-3089, ¶ 83 (11th Dist.).

**{¶ 25}** We note that "[l]itigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standard as other litigants. A litigant proceeding pro se 'cannot expect or demand special treatment from the judge,

who is to sit as an impartial arbiter.' " *Am. Gen. Fin. Servs., Inc. v. Mosbaugh*, 2011-Ohio-5557, ¶ 12 (2d Dist.), citing *Dunina v. Stemple*, 2007-Ohio-4719, ¶ 3 (2d Dist.).

**{¶ 26}** In this case, it is undisputed that Shelton was properly served with Sonnenberg's complaint and then failed to properly answer or otherwise plead. Although we understand that Shelton may have sought to answer by way of McComb, McComb was not a party to this action and was not authorized to represent Shelton or to intervene in this matter. Thus, like McComb's other filings, the trial court properly struck the answer filed by McComb. We further note that, while Shelton's name was printed in the signature block of the answer filed by McComb with the statement "on behalf of Valecia Shelton," Shelton did not sign the answer, and thus we cannot conclude that she appeared or otherwise defended. *See Sarameh* at ¶ 14, citing Civ.R. 11 ("A party who is not represented by an attorney shall sign the pleading, motion, or other document . . .").

**{¶ 27}** Following service of the complaint, Shelton herself never filed an answer, and Sonnenberg properly moved for default judgment. Although Shelton claims that she did not receive certain entries by the trial court after service of the complaint, she did not provide an affidavit or any other evidence indicating lack of receipt and did not explain how not receiving such entries would have affected the default judgment rendered against her due to her failure to answer. Because Shelton did not appear or otherwise defend in this matter, the trial court granted Sonnenberg's motion for default judgment without notice. Shelton has not demonstrated that she was not served with the complaint or that she filed a response other than the stricken responses filed by McComb. Thus, in the absence of any appearance by Shelton, we cannot say that the trial court abused its

discretion in granting Sonnenberg's motion for default judgment.

**{¶ 28}** Shelton's first and fourth assignments of error are overruled.

### III.     Conclusion

**{¶ 29}** The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, J. and LEWIS, J., concur.